No. 17,746.

ARTHUR LUJAN TRUJILLO *v.* PEOPLE OF THE
STATE OF COLORADO.
(292 P. [2d] 980)

Decided January 30, 1956.

Mr. EARL J. HOWER, Mr. HAROLD H. HARRISON, for
plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

An information was filed in the district court of Weld County in which it was, charged that plaintiff in error, to whom we will hereinafter refer as defendant, on the 6th day of July, 1954, did "* * * wilfully and unlawfully kill and slay one Marlene Meyer * * *." Defendant entered a plea of not guilty, and upon trial a verdict of guilty was returned by the jury. Motion for a new trial was overruled, judgment entered and defendant sentenced to serve a period of ten months in the county jail. Seeking a reversal of the judgment defendant brings the cause here for review by writ of error.

At the close of the people's case counsel for defendant moved for a directed verdict of not guilty on the ground that the state had failed to prove the necessary elements of a charge of involuntary manslaughter, in that there was no evidence that the death of Marlene Meyer was the result of any unlawful act committed by defendant, or that it was caused in the commission by him of a lawful act in an unlawful manner, and that there was no evidence whatever of any criminal negligence on his part.

Numerous objections were made to the instructions given by the court, and exceptions were taken to the refusal of the court to give instructions numbered 1, 2, 3, 4, 5, 7, 8, 10 and 11 tendered by counsel for defendant. The assignments of error were based upon the denial of a motion for a directed verdict, objections to instructions, and the refusal of the trial court to give the tendered instructions. The conclusion we reach upon consideration of the questions raised by the motion for directed verdict, make it unnecessary to discuss the other assignments of error.

### Question to be Determined.

*Was there sufficient evidence introduced upon the trial to justify submission to the jury of the issues raised*

*by the charge contained in the information and the defendant's plea of not guilty?*

The question is answered in the negative. Defendant was a bus driver employed by a transportation company in Greeley, Colorado, and, as such regularly travelled a specific route in that city. Shortly after 9:00 o'clock on the morning of July 6, 1954, he was making a right-hand turn as he travelled east on 7th street to continue his route south on 8th avenue. This intersection is in the business part of the city of Greeley and traffic is controlled by signal lights. The deceased, Marlene Meyer, was a child approximately ten years of age. She and her cousin Kay were walking along 7th street nearing the southwest corner of the intersection. Kay stopped to look in the window of a store on the corner, but Marlene apparently proceeded into the street attempting to cross 8th avenue. The bus driven by defendant was at the same time making the right-hand turn and the child came in contact with the right front corner or the right front side of the bus, and was thrown to the pavement. She suffered a fractured skull and died within a few minutes following the impact. Defendant stated that there were no pedestrians in his path as he made the right-hand turn and that the child was not in the range of his vision at the time. No witness testified concerning the manner in which the child left the curb to cross the street; the record does not show whether she was walking or running; nor is it clear as to the portion of the bus which came in contact with her. No part of the bus passed over her body.

Defendant was born in Greeley; was nineteen years of age; was educated in the public schools of that city, and had been driving the bus route for approximately eight months prior to the tragic incident resulting in Marlene's death. He stated that he heard a "thump" and after straightening the course of the bus upon completing the turn, and after another pedestrian had motioned to him indicating that something had happened at the

crossing, he saw the child lying in the street through his rear view mirror.

It is clear that before defendant could be convicted of manslaughter, there must have been evidence tending to prove that he recklessly and wantonly failed to exercise the care and caution that a reasonably prudent person would have exercised under similar circumstances, and that his conduct was such as to indicate a reckless and wanton disregard for the safety of others. Ordinary or simple negligence is not sufficient to sustain a charge of involuntary manslaughter. We see no difference in the degree of negligence required to sustain a charge of manslaughter and that necessary to support a verdict in favor of a claimant in an action for damages under the guest statute. In each instance the essential ingredient is a wanton and wilful disregard of the rights and safety of others.

In *Pettingell v. Moede*, 129 Colo. 484, 271 P. (2d) 1038, this Court carefully distinguished between simple negligence and that degree of negligence which has been defined as wanton or wilful. The distinction there made is fully applicable to criminal cases where the essential ingredient is criminal negligence. In that opinion we said, inter alia:

"To be 'willful and wanton' there must be some affirmative act purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the guest. * * *

"The demarcation between ordinary negligence, and willful and wanton disregard, is that in the latter the actor was fully aware of the danger and should have realized its probable consequences, yet deliberately avoided all precaution to prevent disaster. A failure to act in prevention of accident is but simple negligence; a mentally active restraint from such action is willful. Omitting to weigh consequences is simple negligence; refusing to weigh them is willful. * * *"

We are unable to find, in the record here, any evidence of conduct on the part of defendant to establish the elements of criminal negligence essential to conviction. Accordingly the judgment is reversed and the cause remanded with directions to dismiss the information and discharge the defendant.