No. 18,355.

MANFORD PENN GOODELL v. PEOPLE OF THE STATE OF COLORADO.
(327 P. [2d] 279)

Decided June 30, 1958.

Messrs. HARRISON & LONG, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN B. BARNARD, JR., Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error was convicted in the district court in Denver of causing a death while driving under the influence of intoxicating liquor. We will refer to him as he appeared in the trial court.

The defendant urges thirty-eight points of error, summarized under four main headings. Consideration of but two of the main points will suffice to dispose of the matter. Other alleged errors with reference to the ad-

mission of testimony of certain of the witnesses will not be commented upon.

Defendant contends: 1. The trial court erred in denying his motion for directed verdict, and 2. The court erred in giving certain instructions and in refusing to give instructions tendered by defendant.

The fatal accident occurred in a three-car collision on a well-traveled four-lane highway in the 700 block on South Santa Fe Drive. Two of the cars—the defendant's and one driven by the witness Jimerson — were being driven parallel to each other in the two north-bound lanes. The defendant was in the outside lane nearest the east shoulder of the road, and the Jimerson car was in the middle lane closest to the double yellow line separating the north-bound from the south-bound lanes. The defendant and the Jimerson car were involved in a sideswiping accident in which the two cars became locked by the bumper of one catching on the fender skirt of the other car. As the drivers proceeded to extricate themselves, defendant turned to the right or to the east and came to a stop on the shoulder of the road closest to the lane in which he was traveling. The Jimerson car turned to the left and crossed the double yellow line into the path of the on-coming south-bound traffic and collided headon with the third car driven by Fred Parker, who was killed in the accident.

## QUESTION TO BE DETERMINED.

*Did the Court err in refusing to direct a jury verdict of acquittal?*

This question is answered in the affirmative.

The entire record establishes but three of the four necessary elements required to constitute the crime charged. They are: 1. That an accident occurred; 2. That there was some evidence that the defendant was intoxicated, and 3. That there was a death as a result of the accident. Proof of the all-important element, to-wit, that the acts or conduct of the defendant were the sole proximate cause of the accident was entirely lacking.

■ There was only one witness to the accident, a taxicab driver following to the rear of the defendant's car and the Jimerson car. Although this witness was able to testify that the two cars came together and became locked, he was not able to state who caused the accident, that is to say whether the defendant swerved into the Jimerson car or whether the Jimerson car swerved into the defendant's car. On this point there was considerable confusion. Jimerson testified that he was a stranger in the city and was searching for a business establishment which he had been unable to find. In this connection he admits he was looking at addresses on both sides of the street. Thus, with his attention being diverted from side to side, he might well have swerved into the side of the defendant's car. This is the defendant's version of the collision. It is, of course, possible, as the prosecution theorized, that the defendant swerved into the Jimerson car. On this point, however, the jury could only speculate. Speculation cannot form the basis of a criminal conviction. Proof of guilt must be established beyond a reasonable doubt. The record here leaves nothing but doubt and complete confusion as to whether the defendant's driving while under the influence was the proximate cause of the accident. That proof of guilt must be established beyond a reasonable doubt is so fundamental as to require no argument. One of the best statements we have found on this particular point is from Montana in *State v. Bast,* 116 Mont. 329, 151 P. (2d) 1009, where the court said:

"The burden rested upon the state throughout the case and this burden it failed to meet for we are committed to the doctrine that 'a defendant *may not be convicted on conjectures, however shrewd, on suspicions, however justified on probabilities, however strong,* but only upon evidence which establishes guilt beyond reasonable doubt; * * *.'" (Emphasis supplied.)

Here the evidence is wholly insufficient to support a conviction and the judgment cannot be allowed to stand.

In submitting the case to the jury the court erred in two points which we deem pertinent to comment upon lest trial courts fall into error in similar cases. These refer to the giving of an instruction and to the refusal to give one necessary instruction.

██ The information in this case charges, as it should, that defendant caused a death while driving under the influence of intoxicating liquor and *"with a reckless and wanton disregard of human life and safety."* Thus it will be seen that to support a conviction of felony under the statute involved the negligence of a defendant, if he was in fact negligent, must be more than simple negligence. It must be criminal negligence amounting to wantonness and recklessness. On this point the court refused to give an instruction tendered by the defendant which told the jury that the degree of negligence must be higher in a criminal case than simple negligence. The court instead gave the following instruction:

"The Court instructs the jury that 'negligence' is defined as a failure to do what an ordinarily careful and prudent person would have done under the circumstances of the case, or the doing of something that an ordinarily careful and prudent person would not have done under the circumstances of the case. In other words, there is want of that care and prudence which an ordinarily careful and prudent person would exercise under all the circumstances of the case.

"Neglience is never presumed, but must be proven by the evidence beyond a reasonable doubt, the same as any other fact."

It will be seen that this instruction falls far short of advising the jury of the elements necessary to establish criminal negligence as required in a prosecution under the statute involved.

In *Trujillo v. People,* 133 Colo. 186, 292 P. (2d) 980, this court had occasion to comment upon the degree of

negligence required in a manslaughter case, a misdemeanor under the statute. There the court said:

"It is clear that before the defendant could be convicted of manslaughter, there must have been evidence tending to prove that he recklessly and wantonly failed to exercise the care and caution that a reasonably prudent person would have exercised under similar circumstances, and that his conduct was such as to indicate a reckless and wanton disregard for the safety of others. Ordinary or simple negligence is not sufficient to sustain a charge of involuntary manslaughter. We see no difference in the degree of negligence required to sustain a charge of manslaughter and that necessary to support a verdict in favor of a claimant in an action for damages under the guest statute. [C.R.S. '53, 13-9-1.] In each instance the essential ingredient is a wanton and wilful disregard of the rights and safety of others."

The information before us contains the allegation that the defendant drove with a reckless and wanton disregard of life and safety, a necessary ingredient of the crime charged. Thus if the court's comments in the Trujillo case in regard to the proof required in a manslaughter case, a lesser offense, were apropos, it is of equal or greater importance that a jury be instructed properly in the graver charge.

Two other cases, *Rinehart v. People*, 105 Colo. 123, 95 P. (2d) 10, and *Kallnbach v. People*, 125 Colo. 144, 242 P. (2d) 222, are distinguishable from the present case. In the Rinehart case the court, while seeming to approve an instruction on simple negligence, did, in fact, find that the sum total of the instructions given cured any error present in the giving of the instruction alone. The court, in fact, commented that counsel's contention "would be more forceful if the instructions were not merely one of a set of fifteen instructions, some of which so clearly amplify and complement the instruction in question as to leave no doubt in our minds that the jury were not misled."

In *Kallnbach v. People,* supra, the court gave an instruction on criminal negligence as follows:

"Instruction No. 3.

"You are instructed that the mere happening of an accident does not raise any presumption of the guilt of the defendant.

"For negligence of any type to exist you must first find that the defendant owed a duty to the deceased to act with care.

"Criminal negligence is such a failure to observe the standard of conduct of an ordinarily careful and prudent person under the conditions and circumstances, that the actors conduct partakes of a reckless disregard of life and a wilful disregard of the safety of others; such conduct is the equivalent of the intentional doing of an act with knowledge that substantial harm will result and with a wanton and reckless disregard of the probable consequences of said act."

We believe that the above instruction is the proper one in such a case.

The failure of the court to give an instruction on proximate cause was erroneous. Nowhere in the instructions given was the jury told that it was required to find that the defendant caused the accident. Outside of the stock instruction the jury was told in effect by the court that a verdict of guilty would be proper under a finding of simple negligence, and that at the time and place the defendant was intoxicated.

For the reasons assigned, the judgment and sentence are reversed and the cause remanded to the trial court with directions to dismiss the action and discharge the defendant.