No. 20664.

ROBERT J. BATES *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(392 P.2d 596)

Decided June 1, 1964.

Mr. PAUL J. McSWIGAN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. JOHN P. MOORE, Assistant, for
defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE McWILLIAMS.

TRIAL by jury resulted in a verdict adjudging Bates
guilty of the crime of involuntary manslaughter in con-
nection with the death of Utecht, his death resulting
from a two-car automobile collision in the intersection

of West Mississippi Avenue and South Santa Fe Drive in Denver. Bates was sentenced to a term in the county jail and by the present writ of error he seeks reversal of the judgment and sentence.

Bates' main argument here is that there is "not one scintilla of evidence . . . indicating or even tending to indicate that the defendant recklessly and wantonly failed to exercise the care and caution that a reasonably prudent person would have exercised under similar circumstances . . . [or] that his conduct in the operation of his vehicle showed a reckless and wanton disregard for the safety of others."

█ In our view this contention is completely untenable, as the evidence in this regard is considerably more than "one scintilla." Indeed there is very much evidence tending to establish criminal negligence on the part of Bates. To demonstrate that such is in fact the case, it becomes advisable to allude at least briefly to the evidence adduced upon trial, though any great detail thereof is not necessary.

Utecht was a passenger in a vehicle being driven by one Staag in a northerly direction on South Santa Fe Drive, Staag intending to make a left-hand turn at West Mississippi Avenue so as to proceed in a westerly direction on that street. This intersection, incidentally, is controlled by signal light.

Bates was proceeding in a southerly direction on South Santa Fe Drive approaching West Mississippi Avenue, the speed limit on South Santa Fe Drive being 45 miles per hour. There was much competent evidence to the effect that Bates entered the intersection of South Santa Fe Drive and West Mississippi Avenue on a "red" or "stop" light at a speed of some 70-80 miles per hour and that he was under the influence of intoxicating liquor at the time. We deem it unnecessary to belabor the obvious and will merely state that there is evidence to support the jury's determination that Bates was guilty of crimi-

nal neglect, as such is defined in *Trujillo v. People,* 133 Colo. 186, 292 P.2d 980.

As a variation of the basic contention that the evidence is insufficient, Bates suggests that *his* acts did not cause the death of Utecht and that it was in reality the actions of the driver of the vehicle in which Utecht was riding which were the sole cause of the fatality. This argument is deemed to be patently untenable too. All the evidence tends to establish that there simply was no independent and intervening act and that Utecht's death resulted from Bates' flagrant criminal misconduct.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE SUTTON concur.