**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Ramon PEREZ, Defendant-Appellant.**

**No. 79CA1111.**

Colorado Court of Appeals,
Div. I.

Oct. 8, 1981.

Rehearing Denied Nov. 5, 1981.

Certiorari Denied April 5, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Susan L. Fralick, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Following his conviction of vehicular homicide, defendant Ramon Perez appeals. We affirm.

Perez asserts that the trial court erred in not instructing the jury to convict only if they found his conduct to be "the *sole* proximate cause" of the death, rather than merely using the phrase "the proximate cause." We see no meaningful difference between the two phrases. This is not a situation where the jury was told that it could convict if Perez' conduct was only one of several causes of the victim's death as would have been the case had the instruction used the phrase "a proximate cause."

Nevertheless, Perez argues that certain language contained in *Goodell v. People*, 137 Colo. 507, 327 P.2d 279 (1958) requires use of the word "sole" in a proximate cause instruction and that the phrase "the proximate cause" is insufficient. In addition to our syntactical disagreement with this argument, we note that *Goodell* is inapplicable because it interpreted the old vehicular homicide statute, C.R.S.1953, 40–2–10, whereas a totally new statute has been adopted since that time. Section 18–3–106, C.R.S.1973 (1978 Repl. Vol. 8). This statute proscribes the mere operation of a motor vehicle while under the influence of a drug or intoxicant that results in a death, and provides that the level of causation required to be proved is that the conduct be "the proximate cause." The new statute does not require that the instruction contain the word "sole". Thus, the instruction given by the trial court, using, as it does, the language of the new statute, was proper.

Perez' second contention of error is also without merit. He tendered the following instruction:

"A person is under the influence of intoxicating liquor when he has consumed a sufficient quantity of alcoholic beverage which affects him so that in a substantial degree he is rendered incapable, either mentally or physically, or both, of operating a vehicle with safety to himself and the public. The fact that a driver has consumed alcohol does not place him under the ban of the statute unless such consumption affected his ability to operate a motor vehicle to a substantial degree.

The court refused to use this instruction. Instead, it gave an instruction based on the statutory definitions contained in § 18–3–106(2), C.R.S.1973 (1978 Repl. Vol. 8). This statute sets forth certain presumptions of intoxication based upon the percentage by weight of alcohol in a defendant's blood.

There was evidence that Perez' blood alcohol level was .185 leading to a statutory presumption that he was under the influence of alcohol. Section 18–3–106(2)(c), C.R.S.1973 (1978 Repl. Vol. 8). No evidence was presented tending to rebut the presumption of intoxication, and no reasonable juror could have found Perez' case any more persuasive with the additional instruction. Thus, an instruction concerning the quantum of proof needed to overcome this statutory presumption was not warranted here.

The judgment is affirmed.

COYTE and KIRSHBAUM, JJ., concur.