**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Birender Singh CHOPRA, Defendant–Appellee.**

**No. 88CA1797.**

Colorado Court of Appeals, Div. II.

Oct. 12, 1989.

Donald E. Mielke, Dist. Atty., and Donna Skinner Reed, Sr. Deputy Dist. Atty., Golden, for plaintiff-appellant.

No appearance for defendant-appellee.

Opinion by Judge PLANK.

At the conclusion of a trial to the court, the court acquitted defendant of the charge of vehicular homicide. On this appeal, the People challenge the propriety of that acquittal, and we disapprove the trial court's ruling.

The vehicular homicide statute provides in pertinent part:

"If a person operates a motor vehicle while under the influence of any drug or intoxicant and such conduct is the proximate cause of the death of another, he commits vehicular homicide. This is a strict liability crime." Section 18–3–106(1)(b)(I), C.R.S. (1986 Repl.Vol. 8B).

Defendant moved for acquittal at the close of evidence, on the basis that the prosecution had failed to prove the element of causation. The trial court agreed, ruling that, as a matter of law, the prosecution had failed to prove beyond a reasonable doubt that the defendant's operation of a motor vehicle under the influence of an intoxicant was *the proximate cause* of the death of his passenger. It based this conclusion on its finding that the People had not proved that defendant's consumption of alcohol, rather than his fatigue, was *the* cause of the fatal one-car collision.

It is undisputed that all of the elements needed to establish vehicular homicide were met *if* the defendant's operation of a motor vehicle while under the influence of alcohol *proximately caused* his passenger's death. To warrant a conviction for vehicular homicide:

"[T]he death must be the natural and probable consequence of the unlawful act, and not the result of an *independent intervening cause* in which the *accused does not participate*, and which he could not foresee. If it appears that the act of the accused was not the proximate cause of the death for which he is being prosecuted, but that another cause intervened, *with which he was in no way connected,* and but for which death would not have occurred, such supervening cause is a defense to the charge of homicide." *People v. Gentry*, 738 P.2d 1188 (Colo.1987) (emphasis added).

The defendant had control over whether to operate a motor vehicle while he was fatigued and intoxicated, and indeed, the court expressly found that he drove the vehicle while intoxicated. Accordingly, we conclude that the defendant's fatigue could not be considered an independent intervening cause which would relieve him of liability under the vehicular homicide statute.

The People are required to eliminate only independent intervening causes. To hold otherwise would run contrary to the statute's plain language evidencing a legislative intent to punish those persons whose operation of a motor vehicle while they are under the influence of intoxicants results in death. *See People v. Perez*, 644 P.2d 40 (Colo.App.1981); *see also Daniels v. People*, 159 Colo. 190, 411 P.2d 316 (1966).

Since there was no evidence here of an *independent* intervening cause, we hold that the prosecution met its burden of proving the elements needed to establish vehicular homicide.

Ruling disapproved.

SMITH and HUME, JJ., concur.