No. 14,478.

RINEHART *v.* THE PEOPLE.

(95 P. [2d] 10)

Decided October 9, 1939. Rehearing denied October 30, 1939.

Mr. GEORGE H. LERG, Mr. RALPH LOEB, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. REID WILLIAMS, Assistant, Mr. FRANK BRUNO, Assistant, for the people.

*En Banc.*

MR. JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

IN the Adams county district court the defendant, plaintiff in error here, was tried, found guilty and sentenced under the following statute: "Any person while under the influence of intoxicating liquor * * *, who causes the death of another by operating or driving any automobile, motorcycle or other motor vehicle in a reckless, negligent or careless manner, or with a wanton or reckless disregard of human life or safety, shall be deemed guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for a period of not less than one year nor more than fourteen years." .S. L. 1923, p. 256, §1, '35 C. S. A., vol. 2, p. 966, §39.

There are thirteen assignments of error, of which only five comply with the Supreme Court rules requiring the motion for a new trial, the abstract of the record, and the assignments of error to be specific in presenting alleged errors of the trial court.

■ 1. The first of the aforesaid five assignments assails the verdict as palpably against the weight of the evidence. There was before the jury, however, ample evidence, some of it distinctly contradictory. Inasmuch as the jurors constituted the fact-finding body and had the witnesses before them on the witness stand, it was their province to judge the credibility of those witnesses and to determine the weight of the testimony. We cannot interfere with their conclusions of fact. The first assignment is therefore overruled.

The other four assignments entitled to our consideration deal with instructions 2, 7 and 10 given by the court.

2. Instruction 2 reads:

"The essential elements to be established in this case before the jury is called upon to convict upon either count of the information is:

"First—That the defendant was under the influence of intoxicating liquor at the time of the collision;

"Second—That the defendant at said time was operating a motor vehicle in a careless, reckless and negligent manner, or with a wanton or reckless disregard of human life or safety.

"Third—That the death of Katherine McMillan was caused by the injury she received in the collision; or, under the second count of the information, that Katherine McMillan received an injury in the said collision."

Defendant's objections to this instruction were as follows: That the second paragraph thereof "assumes only that degree of negligence required in a civil case, whereas in a criminal case under the statute, as this one is, it requires that the defendant must be proven to have been operating his motor vehicle in a criminally negligent manner;" and, further, that the third paragraph of

the instruction "assumes only that the defendant would be guilty if Katherine McMillan died of the injury received in the accident, without any negligence whatever, when as a matter of law, the death must be caused directly by the criminal negligence on the part of the defendant."

 Counsel's attempted distinction between negligence in civil cases and "criminal negligence" is without merit. Following the customary method, we must interpret the statute by taking the natural meaning of its language. There is no ambiguity in this respect.

 The additional suggestion that instruction 2 constitutes reversible error because it does not expressly require proof of the causation of death by the negligence would be more forceful if the instruction were not merely one of a set of fifteen instructions, some of which so clearly amplify and complement the instruction in question as to leave no doubt in our minds that the jury were not misled.

Thus instruction 1 describes the information as charging that the defendant on a certain day "while under the influence of intoxicating liquor did unlawfully and feloniously cause the death of" the deceased "by operating and driving a motor vehicle in a reckless, negligent and careless manner, and with a wanton and reckless disregard of human life and safety," etc., to which "the defendant has entered a plea of not guilty." The instruction ends by telling the jury: "These are the issues you are now called upon to determine."

Moreover, in instruction 8 the trial court told the jurors that the Colorado statute "provides": and quoted the statute verbatim, except that the penalties were properly omitted. Further, instruction 12 reads: "If the jury believe from the evidence beyond a reasonable doubt that the defendant while under the influence of intoxicating liquor did drive his motor vehicle in a reckless, negligent and careless manner and with wanton or reckless disregard of human life and safety and that, as

a result of said reckless driving by the defendant, his car collided with the McMillan car, seriously injuring Katherine McMillan, from which injuries the said Katherine McMillan thereafter died, then in that case the defendant would be guilty as charged * * *."

Finally, instruction 15 was given, cautioning the jury that no single instruction contains all the law applicable to the case, but that all instructions must be taken, considered and read together, as they are connected and related to one another as a whole.

In these circumstances there was no reversible error on account of instruction 2.

3. Instruction 7 is a correct definition of negligence, counsel's objection being that "it assumes that the manner of the negligence required in civil actions is sufficient in this case, which we feel is not a true statement of the law, and said instruction is prejudicial to the rights of the defendant unless given at length to show that it is necessary for the defendant to have committed criminal negligence in order to be found guilty in this case." What has been said above of a similar objection to instruction 2 is a sufficient answer. There was no error here.

4. Instruction 10 is as follows: "The court instructs the jury that when a driver is so under the influence of intoxicating liquor that his capacity to operate the automobile is impaired, he is intoxicated within the meaning of the law." To the foregoing, counsel interposed the objection that "it is not a correct statement of the law in regard to the extent of intoxication, or being under the influence of intoxicating liquor, that is required in this case." The instruction is obviously a correct statement of our holding in *Stevens v. People,* 97 Colo. 559, 51 P. (2d) 1022, and not subject to the criticism now made.

5. While the assignments of error other than the five which cover the matters discussed on the merits are not entitled to be considered, we have nevertheless exam-

ined the points thereby attempted to be raised and find that, even if there had been proper assignments, they would not have availed the defendant.

Judgment affirmed.

Mr. Chief Justice Hilliard, Mr. Justice Knous and Mr. Justice Otto Bock dissent.

Mr. Justice Otto Bock dissenting.

I dissent. Admittedly, paragraph 3 of Instruction No. 2, quoted in the majority opinion, is erroneous. It assumes that defendant would be guilty if the deceased died of the injuries received in the accident without any negligence whatever. There was some evidence by defendant to the effect that the cause of the accident was a sideswiping of the car of defendant by a third car, which caused him to lose control of his own machine, culminating in the fatal collision. In my opinion, it is an unreasonable assumption to say, under the circumstances, that the jury was not misled because an erroneous instruction on a specific element was cured by certain general recitals in other instructions. It would be more reasonable to assume that the jury paid more attention to the specific elements required under Instruction No. 2 than to general statements in other instructions. Under these circumstances, I prefer to err on the side of liberty within the law rather than incarceration.

In *Stevens v. People*, 97 Colo. 559, 51 P. (2d) 1022, we construed the words "while under the influence of intoxicating liquor," contained in section 39, chapter 48, '35 C. S. A., and said on page 561 of the opinion: "If the words, 'while under the influence of intoxicating liquor,' appearing in section 1, are given a broader meaning than the words 'while intoxicated,' appearing in the title, so as to cover the case of a person who, though under the influence of intoxicating liquor, is not intoxicated, that part of section 1 would be void as not embraced

within the title. Colorado Constitution, art. V, §21. The authorities are not harmonious, but we believe that in our statute by using the word 'intoxicated' the General Assembly indicated an intent that the words 'under the influence of intoxicating liquor,' appearing in section 1, are to be understood as synonymous with 'intoxicated.' Thus construed, section 1 is within the scope of the title."

From a reading of the evidence it appears that the instant case was tried upon a theory somewhat inconsistent with this construction. While Instruction No. 10 is correct so far as it goes, it fails to instruct the jury that such a degree of intoxication as required in *Stevens v. People, supra,* was necessary to convict, and read together with other instructions, such as numbers 2, 8 and 12, may have misled the jury on this element of the offense. The medical expert produced by the people testified that defendant was moderately under the influence of liquor, but refused to testify that his capacity to operate an automobile was impaired thereby. Defendant's tendered and refused Instruction No. 6 was in harmony with our construction of this section.

This case should be reversed and remanded, with directions that a new trial be granted.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE KNOUS concur in this dissent.