No. 18,907.

JOHN F. ESPINOSA *v.* PEOPLE OF THE STATE OF COLORADO.
(349 P. [2d] 689)

Decided February 29, 1960.

Mr. HENRY BLICKHAHN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. GERALD HARRISON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, hereinafter referred to as defendant, was convicted of causing a death while driving an automobile under the influence of intoxicating liquor in contravention of the provisions of C.R.S. '53, 40-2-10. The trial court sentenced the defendant to a term in the state penitentiary and he seeks review on writ of error.

The statute above cited in pertinent part reads as follows:

"Any person while under the influence of intoxicating liquor * * *, who causes the death of another by operating or driving any automobile * * * in a reckless, negligent or careless manner, or with a wanton or reckless disregard of human life or safety, shall be deemed guilty of a felony * * * "

The information in the instant case contained a single count, and charged that at the time and place mentioned the defendant " * * * then and there while under the influence of intoxicating liquor, did unlawfully and feloniously cause the death of one Larry Silva by operating and driving a motor vehicle in a reckless, negligent and careless manner, *or* with a reckless and wanton disregard of human life and safety; * * * "

The trial court gave fourteen instructions to the jury. The only instruction given which sets forth the essential ingredients of the crime was instruction number six which reads as follows:

"THE STATUTE OF THE STATE OF COLORADO PROVIDES:

Any person, while under the influence of intoxicating liquor or of any exhilarating or stupefying drug, who causes the death of another by operating or driving any automobile, motorcycle or other motor vehicle in a reckless, negligent or careless manner, or with a wanton or reckless disregard of human life or safety, shall be deemed guilty of a felony."

It will be readily seen that this instruction is in the words of the statute, and clearly indicates that the accusation made is in the alternative. It is alleged that the defendant either caused the death while driving an automobile "in a reckless, negligent and careless manner" *or* while driving with a "wanton or reckless disregard of human life or safety."

Such allegation is vague and uncertain, and fails to inform the accused with certainty whether the alleged negligence, or carelessness upon which the prosecution relies is simple negligence, or of conduct amounting to a wanton or reckless disregard of human life or safety. The use of the disjunctive "or" in the statute cannot be ignored, nor can it be construed to mean "and." The authorities are numerous in the support of the proposition that to validate an information based upon a statute under which the several means by which

a crime may be committed are set forth in the disjunc-
tive, the charge should be alleged in the conjunctive.

In *Wilson v. People,* 103 Colo. 150, 84 P. (2d) 463, it
was said that: "We recognize the general rule, too well
settled to require citation of authorities, that where the
means by which a crime may be committed are set forth
in the statute in the disjunctive, they should be alleged
in the conjunctive." See 42 C.J.S. 1036 Sec. 139 (b).

In *Kallnbach v. People,* 125 Colo. 144, 242. P.
(2d) 222, this court approved instructions upon the
question of negligence in a case involving the statute
upon which the instant case is based. In that case it ap-
pears that the trial court by its instructions defined
what was meant by the statute in the use of the terms
(driving in) "a reckless, negligent or careless manner."
By another instruction the expression "with a wanton
or reckless disregard of human life or safety, "was more
particularly defined. We think that the Kallnbach case
supports the proposition that in adopting C.R.S. '53, 40-
2-10, the legislature intended to set forth more than one
means by which the offense could be committed; and
that a death caused by simple negligence committed by a
driver while under the influence of liquor, is an offense
within the contemplation of the statute.

In the case of *Rinehart v. People,* 105 Colo. 123, 95
P. (2d), 10, counsel for accused argued that the instruc-
tions given the jury permitted the jury to convict on a
showing of simple negligence alone, and that a higher
degree of negligence, "criminal negligence" was essen-
tial to a conviction under the statute. This Court said:
"Counsel's attempted distinction between negligence in
civil cases and "criminal negligence" is without merit.
Following the customary method, we must interpret the
statute by taking the natural meaning of its language.
There is no ambiguity in this respect."

Notwithstanding the above cited cases, in *Goodell v.
People,* 137 Colo. 507, 327 P. (2d); 279, in which the
defendant was convicted of causing a death while driv-

ing an automobile under the influence of intoxicating liquor, it was said:

"The information in this case charges, as it should, that defendant caused a death while driving under the influence of intoxicating liquor and "with a reckless and wanton disregard of human life and safety." Thus it will be seen that to support a conviction of felony under the statute involved the negligence of a defendant, if he was in fact negligent, must be more than simple negligence. It must be criminal negligence amounting to wantoness and recklessness. On this point the court refused to give an instruction tendered by the defendant which told the jury that the degree of negligence must be higher in a criminal case than simple negligence. The court instead gave the following instruction:

"The Court instructs the jury that 'negligence' is defined as a failure to do what an ordinarily careful and prudent person would have done under the circumstances of the case, or the doing of something that an ordinarily careful person would not have done under the circumstances of the case. In other words, there is want of that care and prudence which an ordinarily careful and prudent person would exercise under all circumstances of the case.

"Negligence is never presumed, but must be proven by the evidence beyond a reasonable doubt, the same as any other fact."

"It will be seen that this instruction falls far short of advising the jury of the elements necessary to establish criminal negligence as required in a prosecution under the statute involved."

The information in the Goodell case (supra) alleged that the defendant while under the influence of intoxicating liquor caused the death of one Parker "by operating and driving a motor vehicle in a reckless, negligent and careless manner, *and* with a reckless and wanton disregard of human life and safety." The accusation having been made in the conjunctive, it was essential in

order to uphold a conviction in that case that the higher degree of negligence should be established. As applied to the specific allegation of the information, the statement contained in the Goodell opinion "thus it will be seen that to support a conviction of felony under the statute involved the negligence of a defendant, if he was in fact negligent, must be more than simple negligence" was a correct statement.

It does not follow, however, from the Goodell decision that a valid information under this statute cannot be predicated upon intoxication of a driver coupled with simple negligence.

In *Goodell v. People* (supra), we said: "The failure of the court to give an instruction on proximate cause was erroneous."

In the instant case, no instruction was given on proximate cause; no instruction was given upon any degree of negligence, and no instruction was given to define the term "wanton or reckless disregard of human life or safety." Failure of the trial court to instruct upon these elements of the alleged offense was error.

The judgment is accordingly reversed and the cause remanded for such further action as may be deemed proper consistent with the views herein expressed.