364 P.2d 1019

STATE of Utah, Plaintiff and Respondent,

v.

Leonard Dean JOHNSON, Defendant and Appellant.

No. 9480.

Supreme Court of Utah.

Sept. 19, 1961.

Christenson, Novak, Paulson & Taylor, Provo, for appellant.

Walter L. Budge, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from a conviction of automobile homicide.[1]   Affirmed.

Defendant stakes his appeal upon an interpretation of the statute, aptly urging the focal point of this case when he says, "there is only one issue * * *. What degree of negligence is necessary to convict a person under * * * 76–30–7.4?"

It is contended that the phrase, "reckless, negligent or careless," is the counterpart and/or synonymous with the follow-up disjunctive phrase found in the same sentence which interdicts the operation of a vehicle in a "wanton or reckless disregard of human life or safety." The latter phrase connotes the generally accepted meaning of "criminal negligence,"[2] and the former, at least as to the words, "negligent," and "careless" generally is considered to be a lesser and milder form of negligence, or "ordinary negligence."[3]   Defendant's contention of synonymity belies the plain phraseology of the act and offends against not only accept-

---

1. Title 76–30–7.4, Utah Code Annotated 1953 (Laws of Utah 1957, Chap. 165, Sec. 1, 1961 Pocket Supplement, p. 40), providing that any person "under the influence of intoxicating liquor or narcotic drugs * * * who causes the death of another by operating or driving" a motor vehicle "in a reckless, negligent or careless manner, or with a wanton or reckless disregard of human life or safety, shall be deemed guilty of a felony * * *."

2. 28 Words & Phrases, Negligence, p. 521 et seq.; State v. Thatcher, 1945, 108 Utah 63, 157 P.2d 258.

3. Title 76–1–3, U.C.A.1953, says "negligence" imports a "want of such attention to the nature or probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own affairs." See Miller v. So. Pac. R. R., 1933, 82 Utah 46, 21 P.2d 865; State v. McMahan, 1937, 57 Idaho 240, 65 P.2d 156.

ed principles of statutory construction,[4] but against the authorities that have construed similar or like legislation.

We are of the opinion and conclude that the legislation must be read in the light of its clear language and import, which, after eliminating the second phrase that obviously refers to "criminal negligence," would penalize one who, under the influence, caused the death of another by operating a vehicle in a "negligent or careless manner." To read it otherwise would make it abstruse and rather absurd, tantamount to saying one would be guilty if he drove the vehicle "with a wanton or reckless disregard of human life or safety, or with a wanton or reckless disregard of human life or safety."

■■ Our automobile homicide legislation was lifted almost bodily and verbatim from the Colorado statutes.[5] After the latter's passage, but before Utah copied it, the Colorado Supreme Court twice interpreted it as we do here.[6] It is almost axiomatic that the judicial interpretation of legislation by the courts of a state from which a statute is borrowed, merits considerable dignity and weight in our own judicial construction of the borrowed enactment, and that our courts ordinarily will consider that our legislature passed the law with the judicial interpretation given it by the highest court of the sister state, as a traveling companion attending the local legislation.[7] The same interpretation of the statute was indulged by the Colorado high court, subsequent to passage of the Utah legislation,[8] whose decision also merits serious consideration,—particularly the language that in part, and in the process of interpreting the statute, says that "the legislature intended to set forth more than one means by which the offense could be committed; and that a death caused by simple negligence committed by a driver while under the influence of liquor, is an offense within the contemplation of the statute." We subscribe to the rule enunciated in the quoted language.

It seems evident that our legislature has concluded that the time has now come when we must recognize that any kind of vehicular negligence, mingled with gas and booze, produces a lethal mixture that, if it cause death, should penalize to a greater degree than before, the mobile, tipsy

---

4. Stevenson v. Salt Lake City, 1957, 7 Utah 2d 28, 317 P.2d 597; Sutherland Statutory Construction, 3rd Ed., Vol. 2, Sec. 4705, p. 339; also Secs. 4701 and 4923.

5. Colo.Rev.Stat.Ann., Sec. 40-2-10 (1953, L. 23, p. 256, sec. 1; C.S.A., C. 48, sec. 39).

6. Rinehart v. People, 1939, 105 Colo. 123, 95 P.2d 10; Kallnback v. People, 1952, 125 Colo. 144, 242 P.2d 222.

7. Sutherland, Statutory Construction, 3rd Ed., Vol. 2, Sec. 5209.

8. Espinoza v. People, 1960, 142 Colo. 96, 349 P.2d 689, 691; also see 33 Rocky Mountain Law Review 425 (1961).

vehicle-operating brew-master, in order to bring to a screeching halt the mounting holocaust daily dedicated to traffic fatalities.

WADE, C. J., and CALLISTER and CROCKETT, JJ., concur.

McDONOUGH, J., concurs in the result.