No. 21449.

VALENTINE EGLE *v*. THE PEOPLE OF THE STATE OF COLORADO.
(411 P.2d 325)

Decided February 7, 1966.     Rehearing denied March 14, 1966.

Martin G. Dumont, Stanley B. Bender, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Aurel M. Kelly, Special Assistant, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

The plaintiff in error, who will hereinafter be designated as defendant or Egle, brings writ of error from a conviction for causing the death of one John Bell by driving in a careless manner while operating an automobile under the influence of intoxicating liquor as prohibited by C.R.S. '53, 40-2-10.

The statute under which Egle was charged reads in pertinent part as follows:

"Any person while under the influence of intoxicating liquor . . . , who causes the death of another by operating or driving an automobile . . . in a reckless, negligent

or careless manner, or with a wanton or reckless disregard of human life or safety, shall be deemed guilty of a felony . . ."

In lieu of a transcript of the evidence, the parties have filed an agreed statement of the case in which they agree that the evidence was sufficient, if believed by the jury, to sustain the conviction. Errors complained of deal only with the propriety of certain instructions given by the court and the refusal of the court to give others tendered by the defendant.

Egle was originally charged with feloniously causing a death by operating a motor vehicle while under the influence of intoxicating liquor in a reckless, negligent and careless manner, and with a reckless and wanton disregard of human life and safety. The information was subsequently amended by deleting the words, "and with a reckless and wanton disregard of human life and safety."

Egle, who testified in his own behalf, contended that the accident was unavoidable, the decedent having come out from between parked cars. He denied negligence on his part and denied being under the influence of intoxicating liquor at the time of the accident. He was found guilty and sentenced by the court to a period of not less than two and no more than six years in the State Penitentiary.

Egle specifically assigns the following as error: (1) the jury was erroneously instructed upon the definition of "under the influence of intoxicating liquor"; (2) the court erred in instructing the jury that criminal negligence consisted of ordinary or simple negligence; (3) the court erred in failing and refusing to instruct the jury upon the subject of involuntary manslaughter as a necessary included offense; (4) the information charged reckless, negligent *and* careless driving and therefore the court was required to give an instruction on reckless driving as well as careless driving.

Defendant assigns as error the giving of Instruction

No. 8 which purports to define the meaning of the phrase, "under the influence of intoxicating liquor" as used in the statute under which Egle was charged. The instruction as given read as follows:

"You are instructed that a person is 'under the influence of intoxicating liquor' when he has taken *a drink* of alcoholic liquor, which affects him so that in the slightest degree he is less able, either mentally or physically, or both, to exercise a clear judgment and with steady hands and nerve operate an automobile with safety to himself and to the public, and when this mental and physical condition exists after inbibing intoxicating liquor, even though the person has had *only one drink* thereof, he is 'under the influence of intoxicating liquor.' " (Emphasis supplied.)

Although the instruction approved in *Snyder v. Denver,* 123 Colo. 222, 227 P.2d 341 is not a model of clarity, it did, nevertheless, serve as a guideline to the jury in determining whether the defendant was in fact under the influence of intoxicating liquor. Defendant's argument is that the instruction tends to destroy the statutory presumptions contained in 1960 Perm. Supp., C.R.S., Section 13-4-30 because it unduly emphasizes the effect of a single drink of alcohol. The above statute states that:

"\* \* \* (a) If there was at such time 0.05 per cent or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor.

"(b) If there was at such time in excess of 0.05 per cent but less than 0.15 per cent by weight of alcohol in defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence . . . , but such fact may be considered with other . . . evidence in determining the guilt or innocence of the defendant.

"(c) If there was at such time 0.15 per cent or more by weight of alcohol in the defendant's blood, it shall

be presumed that the defendant was under the influence of intoxicating liquor. * * *"

It is true that this statute sets up a series of presumptions arising from the amount of alcohol in the blood, but this statute also specifically provides that the limitation of the section shall not prevent the consideration of any other competent evidence that defendant was under the influence of intoxicating liquor.

In determining the effect of a particular instruction, it is well settled that the instructions must be read as a whole, and if taken as a whole they adequately inform the jury of the law, there is no reversible error. *Balltrip v. People*, 157 Colo. 108, 401 P.2d 259; *Davis v. People*, 112 Colo. 452, 150 P.2d 67.

In applying this rule to the case at bar, our attention is directed to the other instructions given by the trial court and in particular to Instruction No. 12, which contained the verbatim recital of the statutory presumptions set forth in 1960 Perm. Supp., C.R.S., Section 13-4-30. In our opinion, Instruction No. 12 and Instruction No. 8 taken together set out the law with regard to the meaning of the phrase "driving under the influence of intoxicating liquor." Since no transcript is furnished us, we are unable to say that there was not sufficient evidence to warrant the giving of the instructions complained of. For we have said that the quantity of intoxicating liquor that would produce no perceptible effect upon one person may intoxicate another. *Stevens v. People*, 97 Colo. 559, 51 P.2d 1022.

Defendant also complains of Instruction No. 9, which reads as follows:

"Criminal negligence is the failure to exercise for the protection of others the care and caution that would be exercised by an ordinarily prudent person under the same circumstances. The failure to do what an ordinarily careful and prudent person would have done under all of the circumstances of the case, or the doing of something that an ordinarily prudent person would

not have done under all of the circumstances of the case is criminal negligence."

■ We have held that C.R.S. '53, 40-2-10 may be violated by a showing of three elements: (1) causing a death, (2) by driving a motor vehicle while intoxicated, (3) plus simple negligence. *Espinosa v. People,* 142 Colo. 96, 349 P.2d 689; *Kallnback v. People,* 125 Colo. 144, 242 P.2d 222.

■ A showing of simple negligence, therefore, was sufficient to support the conviction under the statute and this was what the court instructed the jury upon.

■ Defendant further contends that the trial court erred in refusing to submit an instruction upon involuntary manslaughter as a necessarily included offense. We have held that position to be untenable in *Daniels v. People,* 159 Colo. 190, 411 P.2d 316.

■ Defendant's last point is that having alleged that the defendant was driving in a *reckless,* negligent, *and careless* manner, the state must prove reckless driving, and an instruction must be submitted defining reckless driving. He cites *Espinosa, supra,* as authority for that statement. We do not agree. We have held frequently and consistently in cases too numerous to cite again the proposition that a crime charged in the conjunctive is supported by proof that the defendant committed the offense in any one of the ways specified. *Espinosa* does not, as we read it, hold that one cannot be convicted upon proof of simple negligence when the information charges that the accused drove in a "reckless, negligent and careless manner." As a matter of fact, since the crime is committed when there is a death caused by *careless* driving while under the influence of intoxicating liquor, the words reckless and negligent contained in the statute are really only surplusage.

The judgment is affirmed.

MR. JUSTICE DAY dissents.

MR. JUSTICE SCHAUER not participating.

Mr. Justice Day dissenting.

For the reasons that I set forth in my dissent in *Daniels v. People,* 159 Colo. 190, 411 P.2d 316, I also dissent to the majority opinion in this case.