No. 21564.

ROSE MARIE COMPTON *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(444 P.2d 263)

Decided August 6, 1968.     Rehearing denied August 26, 1968.

BOWMAN, SHAMBAUGH, GEISSINGER & WRIGHT, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

ROSE MARIE COMPTON, age 22, who will hereinafter be referred to as the defendant, was convicted of the crime commonly referred to as causing death by operating an automobile while under the influence of intoxicating liquor. C.R.S. 1963, 40-2-10. She was thereafter sentenced to a term of from three to six years in the state penitentiary and by this writ of error she now seeks reversal of the judgment and sentence thus entered.

The basic ground for reversal urged in this court concerns the use of the results of a blood alcohol test. The facts, very briefly stated, are that the defendant drove an automobile into an intersection on a red light and collided, quite violently, with another vehicle. As a result of the collision two persons were killed and two others, including the defendant, seriously injured.

Upon trial there was evidence adduced by the People which established that the defendant had been drinking

beer for several hours immediately prior to the accident. Also, the People introduced into evidence over objection the results of a blood alcohol test given the defendant shortly after the collision.

Immediately prior to trial the defendant made an oral motion to suppress the results of the aforementioned blood alcohol test. In support of the motion to suppress the defendant and her sister-in-law testified as to the circumstances surrounding the taking of blood from the defendant. The gist of their testimony was that the defendant did *not* consent to the taking of blood from her person for the purpose of making the so-called blood alcohol test.

In opposing the motion to suppress, the People offered the testimony of the doctor who had withdrawn the blood sample from the defendant's arm, and his testimony indicated that the defendant had given her oral consent thereto. It was in this factual setting that the trial court denied the motion to suppress, with the observation that "the court could not say as a matter of law there was no consent."

Accordingly, during the trial proper, the People introduced through the testimony of a toxicologist the results of the blood alcohol test. At the conclusion of the People's evidence, as well as at the conclusion of all the evidence, the defendant moved to strike all testimony pertaining to the blood alcohol test. In each instance the motion to strike was denied. It is argued here that the trial court committed error in denying the defendant's motion to suppress, as well as her two motions to strike, and that this testimony pertaining to the blood alcohol test was improperly received into evidence.

The motion to suppress the results of the blood alcohol test was based, at least in part, on the belief that the defendant's rights under the Fourth and Fourteenth Amendments to the United States Constitution had been violated. Specifically, it was contended that the defendant's person had been subjected to an unreasonable

search and seizure, in violation of the Fourth Amendment, and also that the defendant was denied due process of law guaranteed by the Fourteenth Amendment.

This case was tried before *Schmerber v. California,* 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908. In *Schmerber* the blood specimen which formed the basis for the ensuing blood alcohol test was taken without consent, and *over* the oral objection of the defendant, whose refusal was based on advice of counsel. In *Schmerber* the United States Supreme Court rejected the claim that the defendant had been denied due process of law, and in so doing the court adhered to, and specifically declined to overrule, *Breithaupt v. Abram,* 352 U.S. 432, 77 S. Ct. 408, 1 L. Ed. 2d 448.

In *Schmerber* the United States Supreme Court then went on to hold that under the circumstances of that case the defendant had not been subjected to an unreasonable search and seizure. Therefore, we regard *Schmerber v. California, supra,* to be the complete answer to the defendant's present contention that her rights under the United States Constitution were somehow violated by virtue of the alleged taking of a blood alcohol test without her consent. In other words, assuming for the sake of argument that the defendant did not give her consent to the taking of the blood alcohol test, the fact that a blood alcohol test was nonetheless taken, according to *Schmerber,* does not violate any of defendant's rights under the United States Constitution.

Counsel also contends that the trial judge erred in failing to grant his motion to suppress for an alternative reason, namely his failure to give proper effect to C.R.S. 1963, 13-5-30(3). That statute provided in part as follows:

". . . . No person shall be required to take a blood alcohol test without his consent; and the failure to take a blood alcohol test shall not be presumed as guilt on the part of the person so refusing to take said alcohol test."

It should be observed that though the foregoing statute

was in effect at the time of the present controversy, it has since been repealed. In 1967 the General Assembly repealed this particular statute and in place thereof enacted the so-called implied consent statute. See 1967 Perm. Supp., C.R.S. 1963, 13-5-30.

The defendant contends that in view of the statutory command that no person can be required to take a blood alcohol test *unless* he gives his consent thereto, the trial court erred in denying his motion to suppress and in thereafter admitting into evidence the testimony relating to the blood alcohol. This is so, claims the defendant, because even though the trial court held a hearing and received evidence bearing on the issue as to whether the defendant gave her consent to the taking of the blood alcohol test, the trial court nevertheless failed to thereafter make a specific finding that the defendant did in fact give her consent. And it is said that such an affirmative determination should have been made by the trial court *before* this line of testimony could with propriety be submitted to the jury for its consideration.

■ Counsel suggests that Colo. R. Crim. P. 41(e) supports his contention that the trial court erred in its handling of this matter. Particular reference is also made to 8 J. Moore, Federal Practice, ¶41.08(4) (2d ed. 1968), wherein it is stated that though a trial judge in disposing of a motion to suppress may take evidence on disputed questions of fact, nevertheless in the last analysis a motion to suppress "presents a question of law to be determined by the judge alone."

■ In its several rulings on this particular matter the trial judge indicated that he proposed to handle the issue as to whether the defendant consented to the taking of a blood alcohol test in the same manner as he would the voluntariness of a confession. Our attention has not been directed to any rule or statute governing the manner in which the "voluntariness" of a blood alcohol test is to be procedurally determined. Accordingly, we hold that it was proper for the trial judge to

resolve the matter as to the "voluntariness" of the blood alcohol test along the same procedural lines as would be followed in determining the admissibility, or non-admissibility, of a confession. However, in our view the trial court did not follow the procedural steps prerequisite to the admission of a confession and hence erred in this particular.

In Colorado the rule is that the trial judge, and not the jury, determines the admissibility of a confession where objection is made on the ground that the confession was involuntarily made. See *Read v. People,* 122 Colo. 308, 221 P.2d 1070; *Downey v. People,* 121 Colo. 307, 215 P.2d 892; *Osborn v. People,* 83 Colo. 4, 262 P. 892, and *Fincher v. People,* 26 Colo. 169, 56 P. 902. And before a trial judge may determine that a given confession is admissible in evidence, he must first make a finding, after hearing, that as a matter of fact and law the confession under consideration was voluntarily given by the defendant. The fact that the jury thereafter determines the weight to be given a confession, or, as is sometimes the practice, the fact that the issue as to the voluntariness of a confession, even though already determined by the court, is also submitted to the jury under proper instructions, in nowise alters the fundamental rule that *before* a confession is admitted into evidence the trial judge must *first find* that the confession was *voluntarily* given. Absent such an affirmative finding by the trial judge, a confession should not be admitted into evidence and paraded in front of the jury.

Application to the instant case of these general rules governing the admissibility of a confession leads us to conclude that the trial court erred in its denial of the defendant's motion to suppress and in thereafter admitting into evidence the results of the blood alcohol test. We hold that where an objection is made by a defendant to the introduction into evidence of the results of a blood alcohol test on the ground that the test was

taken without his consent, the trial court, after hearing, must make a specific and affirmative finding that such consent was given *before* this line of testimony may with propriety be submitted to the jury for its consideration. Here, the trial court's finding was that it "could not say as a matter of law there was no consent." But such finding does not necessarily equate to an affirmative finding that there was such consent. It might be that the trial court was equally unable to make a finding that consent was given. And absent an affirmative finding that the defendant gave her consent to the taking of a blood alcohol test, it was error for the trial court to admit into evidence the results of such test.

Furthermore, as concerns confessions, the United States Supreme Court in *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2nd 908, held that a defendant has a constitutional right at some stage in the proceedings to object to the use of a confession and to have a "fair and reliable determination" on the issue of voluntariness. And in that case it was also held that under the Fourteenth Amendment a "fair and reliable determination" precludes the "convicting jury" from "fully resolving" the issue as to the voluntariness of confession. We conclude therefore that the defendant in the instant case also has the right to a "fair and reliable determination" on the issue as to whether she gave her consent to the taking of the blood alcohol test and that it was improper for the trial court to permit the jury to "fully resolve" this matter. Rather, the duty was on the trial court to resolve the matter by making a specific finding that consent was given by the defendant before submitting the results of the blood alcohol test to the jury.

However, the fact that the trial court committed error in connection with its handling of the defendant's motion to suppress and in thereafter admitting into evidence the evidence of the blood alcohol test does not mean that the matter must be remanded for a new trial. As

has been indicated, the trial court conducted a full-scale hearing out of the presence of the jury on the issue as to whether the defendant consented to the taking of a blood alcohol test. The error of the trial court occurred when it thereafter submitted to the jury the results of the blood alcohol test without having first determined that consent to the taking of the test was given by the defendant. Accordingly, the judgment is reversed and the cause remanded with direction that the trial court now make a specific finding as to whether such consent was given by the defendant. If the trial court determines that such consent was given by the defendant, then there was no error in denying the motion to suppress and in receiving into evidence the blood alcohol test. And if this be the determination by the trial court, then the judgment and sentence heretofore entered should be reinstated.

However, if the trial court upon consideration of this matter is unable to make a finding that the defendant gave her consent to the taking of the blood alcohol test, then in such event the trial court erred in failing to grant the motion to suppress and in such circumstance the defendant should be granted a new trial. This procedure is deemed to be in accord with *Jackson v. Denno, supra.*

The judgment is reversed and the cause remanded for further proceedings, consonant with the views herein expressed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE KELLEY not participating.