No. 23085.

ROBERT WILLIAM GIBBONS *v*. THE PEOPLE OF THE STATE OF COLORADO.
(445 P.2d 408)

Decided September 30, 1968.

PETER L. GARRETT, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, hereinafter referred to as defendant, was convicted of causing a death by driving a motor vehicle while under the influence of intoxicating

liquor. He is here on writ of error seeking reversal of the judgment on three separately stated grounds as follows:

"I. It was error to admit in evidence the results of a blood alcohol test administered to defendant.

"II. The court erred in failing to grant defendant's motion for a directed verdict for the reason that there was no evidence going to the issue of causation.

"III. The court erred in instructing the jury on the required degree of negligence to sustain a conviction."

We consider first the argument presented in support of point I above. Prior to trial defendant's counsel filed a motion to suppress in evidence the results of a blood alcohol test administered to defendant. A judge other than the one who presided at the trial heard the motion to suppress and ruled that the results of the test were inadmissible under Section 18, Article 2, of the Colorado constitution (self-incrimination provision).

At the trial of the case the result of the blood alcohol test was offered in evidence. The trial judge conducted a hearing outside the presence of the jury and at the conclusion thereof ruled that the evidence was admissible. The court held that the defendant was not denied due process under the Fourteenth Amendment; nor was he denied the right to counsel under the Sixth Amendment; nor was his privilege against self-incrimination abridged under the Fifth Amendment; nor was there an infringement of his rights against unreasonable search and seizure under the Fourth Amendment. The trial court admitted the results of the blood alcohol test in evidence notwithstanding that the judge who heard the motion to suppress had ruled that it should not be admitted. In so doing the court ruled that the consent of the defendant to the taking of the blood alcohol test "was not an issue" in the case, for the reason that C.R.S. 1963, 13-5-30(3) was applicable to misdemeanors only.

The attorney general confesses error on this point in the following language:

"\* \* \* Therefore, the People confess error on the grounds that the trial court erred in ruling that consent was not an issue. Stated alternatively, the trial judge, Judge McAuliffe, should have held a hearing out of the presence of the jury and then made a determination as to whether the defendant gave his consent."

We agree. In the recent case of *Compton v. People*, 166 Colo. 419, 444 P.2d 263, it was assumed by all concerned that C.R.S. 1963, 13-5-30 (3) was applicable to prosecutions under C.R.S. 1963, 40-2-10. In the instant case, however, as already noted, the trial court specifically held that the consent required by 13-5-30 (3) did not apply to a felony charge. In so holding, as indicated in *Compton*, the court erred. We note that Compton and the case at bar were tried prior to the repeal of C.R.S. 1963, 13-5-30 (3), and prior to the enactment of the so-called "implied consent" act.

A pre-trial ruling on a motion to suppress does not necessarily bind the trial judge and under certain circumstances such as those present in the instant case, the trial court has a duty to consider de novo the issue of suppression. *Rouse v. United States*, 359 F.2d 1014. In *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826, 16 L.Ed.2d 908, it was held that the taking of a blood sample over objection of a defendant did not amount to a denial of due process of law. That opinion was announced subsequent to the first ruling on the motion to suppress involved in this case and fully justified reappraisal by the trial judge.

Point numbered II above is wholly untenable in that the record discloses an abundance of evidence tending to prove that the death of Johnnie Lee Williams was caused by the defendant negligently driving an automobile while under the influence of intoxicating liquor.

Defendant asserts that it was prejudicial error for the trial court to give Instruction No. 10 over his objection. It is further asserted by defendant that his tendered Instruction No. 1 should have been given. The

instruction given by the court was essentially the same as that to which objection was made in *Egle v. People,* 159 Colo. 217, 411 P.2d 325. In that case the instruction given was held to be proper. From that opinion we quote the following pertinent language:

"We have held that C.R.S. '53, 40-2-10 may be violated by a showing of three elements: (1) causing a death, (2) by driving a motor vehicle while intoxicated, (3) plus simple negligence. *Espinosa v. People,* 142 Colo. 96, 349 P.2d 689; *Kallnback v. People,* 125 Colo. 144, 242 P.2d 222.

"A showing of simple negligence, therefore, was sufficient to support the conviction under the statute and this was what the court instructed the jury upon.

"Defendant further contends that the trial court erred in refusing to submit an instruction upon involuntary manslaughter as a necessarily included offense. We have held that position to be untenable in *Daniels v. People,* 159 Colo. 190, 411 P.2d 316."

The judgment is reversed and the cause remanded with direction to the trial court to hold a hearing and make a specific finding as to whether consent was given by the defendant to the taking of the blood alcohol test. If the trial court concludes that no consent was given, or if upon that question there is a reasonable doubt, then a new trial should be ordered. If the court concludes that consent was given, then the judgment heretofore entered shall in all respects be validated and affirmed.