MR. JUSTICE LEE
delivered the opinion of the Court.
This is an interlocutory appeal from an order of the district court granting defendant’s motion to suppress evidence of a blood alcohol test. We reverse the ruling.
*103 On December 18, 1976, defendant was driving his automobile on Sixth Avenue Service Road in Jefferson County, where it collided with another vehicle. Defendant was injured, as were the passengers in the other vehicle. As a result of this event, defendant was charged with vehicular assault, section 18-3-205, C.R.S. 1973 (1976 Supp.).
After the accident, defendant was taken to St. Anthony’s Hospital where, pursuant to directions of a police officer, a blood sample was withdrawn from him without his consent. As a result of this nonconsensual taking of blood, the motion to suppress was filed.
The court in its ruling suppressing the evidence stated as follows:
“The court is compelled to follow the ruling found in Compton v. People, 444 P.2d 263, which case is in point and controlling here. In the Compton case the court distinguished Schmerber v. California from Compton on the grounds that Schmerber was decided under the Fourth Amendment of the United States Constitution and not the Fifth Amendment. The Compton case was decided under the Fifth Amendment holding that the taking of a blood sample without consent, when the defendant was conscious and able to consent or refuse, rendered the evidence inadmissible as being in violation of his Fifth Amendment rights against self-incrimination.
“The People argue that People v. Fidler, 485 P.2d 725, is controlling on this issue. However, in the Fidler case the defendant was in a semiconscious condition and unable to consent or refuse to give his consent. In this court’s opinion, these facts distinguish the Fidler case and it is therefore not controlling.”
The court’s erroneous ruling was predicated upon defendant’s argument that the case of Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908, was limited to the search and seizure provision of the Fourth Amendment and the due process clause of the Fourteenth Amendment to the United States Constitution. As this court noted in People v. Brown, 174 Colo. 513, 485 P.2d 500, the Supreme Court of the United States, in Schmerber v. California, supra, specifically held that the Fifth Amendment privilege against self-incrimination had no application to the nonconsensual withdrawal of blood. In Schmerber v. California, supra, the Court stated:
“* * * We therefore must now decide whether the withdrawal of the blood [without consent] and admission in evidence of the analysis involved in this case violated petitioner’s privilege. We hold that the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature, and that the withdrawal of blood and use of the analysis in question in this case did not involve compulsion to these ends.”
Contrary to defendant’s position, which the district court here adopted, this court in Compton v. People, 166 Colo. 419, 444 P.2d 263, specifically recognized the parameters of Schmerber, supra, where we stated:
*104 “* * * In other words, assuming for the sake of argument that the defendant did not give her consent to the taking of the blood alcohol test, the fact that a blood alcohol test was nonetheless taken, according to Schmerber, does not violate any of defendant’s rights under the United States Constitution.”
As explained in Gibbons v. People, 167 Colo. 83, 445 P.2d 408, this court assumed in Compton, supra, that there was a statutory right to refuse a blood test under the implied consent law which was applicable to the felony charge in that case.
In People v. Sanchez, 173 Colo. 188, 476 P.2d 980, this court held that the right of refusal to submit to a blood alcohol test under the Colorado implied consent law applied only to the misdemeanor offense of driving under the influence of intoxicating liquor and not to the felony offense of causing an injury while driving Under the influence of intoxicating liquor. This limitation of the right of refusal was recognized in People v. Brown, supra, and we know of no statutory extension which makes the right of refusal to take a blood test applicable to felony offenses involving the use of an automobile.
Accordingly, the ruling of the district court suppressing the results of the blood alcohol test is reversed.