[redacted]

**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

**v.**

**Richard Guy DEEDS, Defendant-Appellant.**

**No. 83CA0080.**

Colorado Court of Appeals, Div. I.

July 3, 1985.

Rehearing Denied Aug. 15, 1985.

Certiorari Granted (Deeds) Jan. 27, 1986.

[redacted]

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia Nimerichter, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Duane M. Kline, III, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Richard Guy Deeds (Deeds), appeals from a jury verdict finding him guilty of one count of sexual assault on a child. We affirm.

Deeds' ten-year-old stepdaughter informed police of two separate incidents of being subjected to sexual contact by him. Deeds was thereafter charged with two counts of sexual assault on a child but was found guilty only as to the count relating to the second occurrence.

### I.

■ Deeds first argues that the trial court prejudiced him by admitting his statement of admission of guilt. We disagree.

As reported by the sheriff, Deeds made the following statement, after being given a *Miranda* advisement:

"It all started when Chama [his stepdaughter] saw me get out of the shower and touched me, and Susie [stepdaughter's mother] saw it and wanted to know what would happened [sic] ... it got to be a game with Chama and I got off on pornography. I plea [sic] guilty, it's all my fault."

This statement apparently refers not to the incidents underlying the charged offenses,

but to an incident taking place in September 1981.

In an in-camera hearing, the trial court found that this statement did not fall within the scope of similar transaction evidence. At trial, only the latter portion of the statement, "I plea[d] guilty, its all my fault," was elicited from the sheriff by the prosecution. The trial court again denied defense counsel's objection as to relevancy and admitted the statement. Deeds claims that based on the context of the statement, and his subsequent statements to the sheriff, the admission referred to a prior transaction.

The subsequent statements to which Deeds refers are that upon reading the warrant and information he stated: "I didn't do all these things, Susie would have to prove all these things." Thereafter, within half an hour, Deeds went on to say to the sheriff that "what Chama said happened in February was not true but September was true." The two counts with which Deeds was charged occurred in February and March 1982.

Reading Deed's first statement without the benefit of the later statements, which were made after he had time to contemplate, we cannot conclude that he was referring to only one, separate, and prior incident. Rather, in his first statement, he appears to be referring to his relationship with Chama in general. He states that, "It *all* started ... it's *all* my fault." (emphasis added) Thus, unlike the situation in *People v. Opson*, 632 P.2d 602 (Colo.App. 1980), the statement does not refer to a specific prior transaction, and therefore, its admissibility does not turn on it being in compliance with § 16–10–301, C.R.S. (1978 Repl.Vol. 8).

We do agree that it would have been better had the court made findings regarding relevancy. *People v. Fernandez*, 687 P.2d 502 (Colo.App.1984). In view of the substantial evidence of guilt, and in view of the jury's finding the defendant guilty of only one of the counts of sexual assault, we hold that admission of the statement did not contribute to the guilty verdict and its

admission was not error. *See People v. Salazar*, 648 P.2d 157 (Colo.App.1981).

## II.

Deeds next claims that the instruction given to the jury concerning the voluntariness of his statement was erroneous because it did not require that the standard of proof be beyond a reasonable doubt. We disagree.

■ The jury was instructed that in order to be admissible, defendant's extrajudicial statements or confessions, had to be shown by the prosecution to be voluntary "by a preponderance of the evidence." We hold that this is the proper standard of proof.

Although Colorado ostensibly follows the "orthodox" rule whereby the judge makes the voluntariness determination and the jury considers the admissions only as to weight and credibility, it appears permissible for a defendant to again raise the voluntariness issue before the jury. *See Compton v. People*, 166 Colo. 419, 444 P.2d 263 (1968); *COLJI–Crim.* No. 4.04 (1983) (Notes on Use); *but see Hunter v. People*, 655 P.2d 374 (Colo.1982).

No Colorado cases have as yet discussed what standard of proof must be given in the judge's instructions to the jury. However, in the initial consideration of the voluntariness issue by the judge, Colorado has accepted the standard of proof to be that of a preponderance of the evidence. *People v. Smith*, 179 Colo. 413, 500 P.2d 1177 (1972). We see no reason to impose a higher standard of proof on the jury than is required of the judge. Whether the fact finder is the trial court or the jury, the standard should be the same. *See Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). Similarly, whether voluntariness is decided by the judge before trial and not submitted to the jury, or whether it is decided by the judge and also submitted to the jury, again the same standard of proof should be applied. There is no justification for a more stringent standard.

## III.

██ Deeds also contends that the trial court erred in limiting his inquiry on cross-examination into the alternate sources of the victim's knowledge of sexual acts. We disagree.

The limitation of cross-examination, in the absence of a showing of abuse or manifest prejudice, does not constitute reversible error. *People v. Schuemann*, 190 Colo. 474, 548 P.2d 911 (1976). Although cross-examination should be liberally extended to permit inquiry into the biases or motives of witnesses, limits on cross-examination, nevertheless, remain within the trial court's discretion, unless the cross-examination right is unconstitutionally denied. *See People v. Loscutoff*, 661 P.2d 274 (Colo.1983).

Here, defense counsel asked the step-daughter if she had seen her mother and stepfather in any sexual contact. His questions were met with denials by the stepdaughter. Thus, upon proper objection, the trial court did not abuse its discretion in disallowing further questioning along those lines. Additionally, Deeds has failed to show by an offer of proof any prejudice from his inability to pursue this line of cross-examination. *See* CRE 103(a)(2).

## IV.

██ Deeds finally contends that the testimony by a rebuttal witness which referred to a date different from the dates charged in the information improperly implied another uncharged offense and constituted a fatal error according to Crim. P. 7. Contrary to defendant's argument, a different date for the offense was not attempted to be proven and was not proven with the rebuttal testimony. Thus, the record does not show any impairment in Deeds' defense or in his pleading of the judgment. Thus, the inconsistent testimony was not reversible error. *See People v. Adler*, 629 P.2d 569 (Colo.1981).

Judgment affirmed.

BERMAN and STERNBERG, JJ., concur.