PEOPLE v. McKEE

1. Homicide—Constitutional Law—Negligent Homicide—Vagueness—Negligence—Words and Phrases.

The term "negligence" is so well known, the elements so certain, the definition so definitely settled, and the precedents so many, that there is nothing indefinite in the statute punishing negligent homicide by operation of a vehicle that makes it void for vagueness (MCLA, § 750.324).

2. Same — Negligent Homicide — Manslaughter — Jury — Discretion.

Former provision in statute making negligent homicide an included offense in manslaughter in the operation of a vehicle that if the jury acquitted the defendant of manslaughter it could "in its discretion" render a verdict of guilty of negligent homicide did not give the jury the right to disregard the instructions of the judge and thus did not infringe on his rights and obligations (CL 1948, § 750.325).

3. Same—Negligent Homicide—Elements of Crime—Culpability.

Conviction of the crime of negligent homicide may be had upon proof of ordinary negligence without proof of gross negligence, criminal intent, or culpability (MCLA, § 750.324).

4. Criminal Law—Statutory Crime—Culpability.

The legislature has the power to define a crime without regard to the presence or absence of criminal intent or culpability in its commission.

---

References for Points in Headnotes

[1, 3, 5]  40 Am Jur 2d, Homicide § 91 et seq.
   What amounts to negligence within meaning of statutes penalizing negligent homicide by operation of a motor vehicle.  20 ALR3d 473.
   Homicide by automobile as murder.  21 ALR3d 116.
[2]  53 Am Jur, Trial §§ 845, 846.
[4]  40 Am Jur 2d, Homicide § 92.

5. HOMICIDE — INVOLUNTARY MANSLAUGHTER — NEGLIGENT HOMICIDE — DISTINCTION.

    Manslaughter in this state is a common-law crime requiring culpability as an element of the offense, whereas negligent homicide is a statutory crime not requiring culpability in the common-law sense; hence, a conviction of involuntary manslaughter requires proof of negligence that may be described as gross, criminal, culpable, or the like, while a conviction of negligent homicide requires a showing of only ordinary negligence (MCLA, §§ 750.321, 750.324, 750.325).

Appeal from Recorder's Court of Detroit, Maher (Richard M.), J.  Submitted Division 1 June 13, 1968, at Detroit.  (Docket No. 4,095.)  Decided December 31, 1968.

Sherill McKee was convicted of negligent homicide.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Irving D. Robinson,* for defendant.

PER CURIAM.  The defendant Sherill McKee was convicted by a jury of negligent homicide.  MCLA § 750.324 (Stat Ann 1969 Cum Supp § 28.556).

The statute provides that any person who, by operation of a motor vehicle, "at an immoderate rate of speed or in a careless, reckless or negligent manner, but not willfully or wantonly," causes the death of another may be punished as therein provided.

The information did not charge the defendant with operation of a motor vehicle at an immoderate

speed.[1] Rather it charged the defendant with driving in a "careless, reckless, or negligent manner." Since the information did not charge the defendant with driving at an immoderate speed, we need not consider whether that portion of the negligent homicide statute is, as claimed by the defendant, void for vagueness.

No claim is made that the terms "careless" and "reckless" are void for vagueness.

The defendant contends that the term "negligence" is too indefinite and does not forewarn as to the kind of conduct which is criminal.

The same claim was considered and rejected by the Michigan Supreme Court in *People* v. *McMurchy* (1930), 249 Mich 147, 179, where the constitutionality of this statute was upheld:

"The term 'negligence' is so well known, the elements so certain, the definition so definitely settled, and the precedents so many, that there is nothing indefinite whatsoever about it."

The offense of which McKee was convicted was committed November 6, 1965. At that time CL 1948, § 750.325 (Stat Ann 1954 Rev § 28.557) provided that a defendant acquitted of manslaughter in the operation of a vehicle might in the jury's "discretion" be convicted of negligent homicide.[2]

Apart from the fact that the defendant was not charged with manslaughter, on the authority of

---

[1] The information did charge that the defendant operated his vehicle "at an excessive rate of speed for the then existing conditions." This was merely descriptive of the acts of negligence charged in the information as it was contained in the portion of the information charging that the defendant "did through carelessness and heedless inattention and lack of ordinary care and diligence, and at an excessive rate of speed for the then existing conditions, failed to see, notice and observe," etc.

[2] PA 1965, No 38, amended the section so that, in case of acquittal of manslaughter alleged to have been committed in the operation of a vehicle the jury "may render a verdict of guilty of negligent homicide," eliminating the words "in its discretion."

*People* v. *McMurchy, supra,* p 160, we hold that the· words "in its discretion" did not give the jury the right to disregard the instructions of the judge and, thus, the former statutory provision did not infringe· upon the rights and obligations of the trial judge.

The negligent homicide statute, as interpreted in *People* v. *McMurchy, supra,* permits the conviction: of one accused of causing the death of another by· negligent operation of a motor vehicle upon proof of ordinary negligence without proof of gross negli- gence, criminal intent or culpability. See *McMurchy* especially at pp 161, 169, 170. In this the offense of·negligent homicide differs from involuntary man- slaughter. A conviction of involuntary manslaugh- ter may not be sustained unless the negligence can properly be described as gross, criminal, culpable or the like. *People* v. *Campbell* (1927), 237 Mich 424, 428; *People* v. *Barnes* (1914), 182 Mich 179.

The basis of the distinction is that manslaughter in Michigan is a common-law crime, not statutorily defined,[3] and, therefore, as for all common-law crimes, *mens rea,* criminal intent, culpability is a necessary element of the offense.[4]

The legislature has the power to define a crime without regard to the presence or absence of criminal intent or culpability in its commission.[5]

Whether it was the legislative purpose to elimi- nate the common-law ingredient of criminal intent or

---

[3] *People* v. *McMurchy* (1930), 249 Mich 147, 154; *People* v. *Clark* (1967), 5 Mich App 672.

[4] *Pond* v. *People* (1860), 8 Mich 150, 174; 21 Am Jur 2d, Criminal Law, § 81, p 84; 40 Am Jur 2d. Homicide, § 92, p 387.

As stated in *People* v. *Campbell, supra,* p 428:

"If death ensues from negligence which shows a culpable indiffer- ence to the safety of others, the negligence is said to be gross or wanton or wilful and is equivalent to criminal intent, a necessary element of every common-law crime."

[5] *United States* v. *Morissette* (1952), 342 US 246 (72 S Ct 240, 96 L Ed 288). This it has frequently done in respect to so-called *malum prohibitum* offenses like violations of laws concerning liquor, weights and measures and the like.

culpability as to the offense of negligent homicide poses a question of statutory construction. See *United States* v. *Morissette* (1952), 342 US 246 (72 S Ct 240, 96 L Ed 288). As previously mentioned, that issue of statutory construction has already been resolved against the claims of the defendant in *People* v. *McMurchy, supra,* where the Michigan Supreme Court held that the term "negligence," as used in this statute, means ordinary negligence, not gross negligence.[6]

Michigan is not alone in making it a statutory offense to cause death by ordinarily negligent operation of a motor vehicle without proof of gross negligence or the presence of criminal intent or culpability.[7]

Conviction affirmed.

T. G. KAVANAGH, P. J., and LEVIN and NEWBLATT, JJ., concurred.

---

[6] We have considered the intimation that culpable negligence needs to be proved contained in *People* v. *Clark* (1940), 295 Mich 704, 708, 709, which comes about from the Court's statement that the jury should have been charged in accordance with *People* v. *Barnes* (1914), 182 Mich 179, 195. The *Barnes* Court quoted with approval *State* v. *Campbell* (1910), 82 Conn 671, 675 (74 A 927, 135 Am St Rep 293, 18 Ann Cas 236), in which latter case the Supreme Court of Errors of Connecticut coupled the word "negligence" with the word "culpable." It is clear upon examination of the *Clark* opinion that the Court did not mean by quoting *Barnes*, which in turn quoted the Connecticut Court in *Campbell*, to overrule its carefully considered holding in *People* v. *McMurchy, supra,* that negligence under the negligent homicide statute is established upon proof of ordinary negligence.

[7] See *State* v. *Labonte* (1958), 120 Vt 465 (144 A2d 792); *People* v. *Pociask* (1939), 14 Cal 2d 679 (96 P2d 788); *State* v. *Johnson* (1961), 12 Utah 2d 220 (364 P2d 1019); *Daniels* v. *People* (1966), 159 Colo 190 (411 P2d 316). *Cf. State* v. *Tamanaha* (1962), 46 Hawaii 245 (377 P2d 688).

For a discussion of the Michigan cases and of the problem which the legislature addressed when it enacted the negligent homicide statute, see Riesenfeld, Negligent Homicide, A Study in Statutory Interpretation (1936), 25 Cal L Rev 1, 9, *et seq.* See, also, Robinson, Manslaughter by Motorists (1938), 22 Minn L Rev 755.