CINDY BRANSFIELD, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 79, 2008.
Supreme Court of Delaware.
Submitted: June 18, 2008.
Decided: July 1, 2008.
Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

ORDER
JACK B. JACOBS Justice.
This 1st day of July 2008, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:
1. Cindy L. Bransfield ("Bransfield"), the defendant below, appeals from a final judgment of conviction entered by the Superior Court. Bransfield was charged with two counts of knowingly or intentionally "us[ing]" an expired "registration number" in the course of prescribing a controlled substance, namely, Endocet®. That offense is a class F felony, and is defined in 16 Del. C. § 4756(a)(2). A jury found Bransfield guilty of that offense. On appeal, Bransfield claims that (i) the trial court erred in denying her motion for a judgment of acquittal, because there was insufficient evidence to find her guilty of "us[ing]" an expired "registration number;" and (ii) Section 4756(a)(2) is unconstitutionally vague. Because the Superior Court committed no legal error in denying Bransfield's motion for a judgment of acquittal, and because 16 Del. C. § 4756(a)(2) is not unconstitutionally vague, we affirm.
2. On September 7, 2006, Delaware State Police Detective Dan Wright conducted an undercover investigation of suspected illegal dispensation of prescriptions by nurse practitioner Bransfield. Wright went to Bransfield's medical office and, using a fictitious name, informed Bransfield that he was having back problems. After conducting a physical examination, Bransfield gave the detective a prescription for Endocet®, a controlled substance used to treat pain. Bransfield told Wright to have the Endocet® prescription filled in Maryland. On September 29, 2006, Wright returned to Bransfield's office and received a refill prescription. Wright paid $50 in cash during each of his two office visits.
3. To write prescriptions for controlled substances in Delaware, medical practitioners must register with both the Federal Drug Enforcement Administration ("DEA")[1] and the Delaware Department of Health and Social Services, Division of Public Health. Following registration, the practitioners are issued "registration numbers." The DEA registration must be renewed every three years.[2] Bransfield testified that her DEA registration was valid at the time she wrote the two prescriptions, and no contrary evidence was presented at trial. The Delaware registration must be renewed every two years.[3] It is undisputed that Bransfield's Delaware registration expired in July 2005, because Bransfield failed to request a timely renewal.
4. On August 10, 2005, Thomas V. May ("May"), the chief of the Health Systems Protection Section of the Delaware Division of Public Health, sent Bransfield a letter advising her that her registration had expired and that until her "registration [was] renewed, [she] no longer ha[d] prescriptive ability." In January 2006, an administrative hearing was conducted on Bransfield's renewal application. By order dated March 3, 2006, the renewal application was rejected as "untimely and incomplete." Bransfield appealed both the August 2005 and the March 2006 decisions, filed several additional applications, and submitted a complete renewal application. As of September 2006, those appeals were still pending.
5. As a result of Detective Wright's undercover investigation, Bransfield was charged with "knowingly or intentionally us[ing], in the course of . . . prescribing . . . a controlled substance, a registration number which is revoked, suspended or expired," which is a class F felony.[4] It is undisputed that the two prescriptions Bransfield wrote in September 2006 listed her DEA registration number, but did not list her Delaware registration number. Federal regulations require that the medical practitioner's DEA registration number be listed on any prescription.[5] The parties agree that there is no similar requirement that the Delaware registration number be listed on a prescription.
6. On October 29, 2007, Bransfield filed a pre-trial motion in limine, arguing that because her Delaware registration number did not appear on the prescriptions and because those prescriptions were never filled, she could not be found guilty of "using the registration number" in the course of prescribing a controlled substance. On the trial date (November 6, 2007), the Superior Court denied Bransfield's motion. The trial court held that "[b]y writing the prescriptions and delivering them to another, in reasonable anticipation of their being presented for filling, acts which may be done legally only if one possesses a Delaware registration, [Bransfield] `use[d]' her expired and suspended registration number in a manner constituting a violation of [16 Del. C.] § 4756(a)(2)." At the conclusion of the State's case, Bransfield moved for a judgment of acquittal on the ground that the State failed to present sufficient evidence that she had "used" the Delaware "registration number." The Superior Court summarily denied Bransfield's motion, and the jury found Bransfield guilty of the offenses charged. This appeal followed.
7. The first issue is whether the Superior Court erred in denying Bransfield's motion for a judgment of acquittal. Bransfield claims that there was insufficient evidence to find her guilty of "using" an expired "registration number." "We review de novo a trial judge's denial of a motion for a judgment of acquittal to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt of all the elements of a crime."[6] Moreover, "[w]e review statutory construction issues de novo to determine if the Superior Court erred as a matter of law in formulating or applying legal precepts."[7]
8. The relevant criminal statute, Section 4756(a)(2), states that "[i]t is unlawful for any person knowingly or intentionally . . . [t]o use in the course of the manufacture, distribution, prescribing, dispensing or research of a controlled substance . . . a registration number which is fictitious, revoked, suspended, expired or issued to another person."[8] Bransfield argues that using an expired Delaware registration number (which is criminalized in Section 4756(a)(2)) is different from using an expired Delaware registration (which is not criminal). The State takes the position that "registration" and "registration number" are synonymous terms, and that Section 4756(a)(2) criminalizes the writing of prescriptions with an expired registration.
9. In our view, Bransfield's contention lacks merit. Section 4756(a)(2) is the only provision of the Delaware Uniform Controlled Substances Act[9] that uses the term "registration number," as opposed to simply "registration."[10] Because a Delaware registration number can only be obtained as a result of registering with the relevant State agency, and is valid for only as long as the registration is valid, those terms (registration and registration number) are, for all practical purposes, synonymous. It is noteworthy that the counterpart federal provision similarly incriminates the "use in the course of the manufacture, distribution, or dispensing of a controlled substance . . ., [of] a [DEA] registration number which is fictitious, revoked, suspended, expired, or issued to another person."[11] But, the DEA registration number must be listed on any prescriptions for controlled substances,[12] whereas Delaware law does not require a medical practitioner to list the Delaware registration number (in addition to the DEA registration number) on prescriptions for controlled substances. There being no such requirement, there is essentially no distinction, at least in Delaware, between "using a registration number" and "using a registration" in connection with prescribing a controlled substance in Delaware.
10. Although penal statutes must be strictly construed, they must also be interpreted to achieve a common sense result and to avoid a construction that would lead to unreasonable or absurd results.[13] The statutory interpretation adopted by the Superior Court avoids the unreasonable result of thwarting the application of a Delaware statute that is intended to prevent medical personnel from writing prescriptions for controlled substances where their authorization to do so has expired or has been suspended. Adopting Bransfield's restrictive interpretation would render Section 4756(a)(2) meaningless. A medical practitioner with an expired or suspended registration would never take the unnecessary step of writing the (no longer valid) registration number on a prescription where there is no legal requirement to do so. Thus, that practitioner could continue, unpunished, to prescribe controlled substances, since there is no separate provision criminalizing the use of an expired "registration." Because such an interpretation would lead to an unreasonable result, the Superior Court correctly held that under Section 4756(a)(2):
[Bransfield] did make use of; did employ for some purpose; did avail herself of; did [use] her no longer valid registration number when she wrote the stipulated prescriptions, and delivered those prescriptions to another, in circumstances where those prescriptions reasonably could be anticipated to be presented to a pharmacist to obtain substances, which would not lawfully be acquired without prescription.
11. Finally, Bransfield claims that the construction of the statutory term "use" by the Superior Court is too broad. That contention also lacks merit because the definitions employed by the trial court ("to employ for some purpose," "to avail oneself of," "to make use of") are dictionary definitions that reflect the commonly accepted meaning of the word "use."[14]
12. Bransfield's second claim is that because Section 4756(a)(2) fails to define the terms "use" and "registration number," the statute is unconstitutionally vague and violates the requirements of Due Process. This Court reviews claims of constitutional violations de novo.[15] Because Bransfield did not raise her constitutional claim below,[16] we decline to review it on this appeal.
13. Even if we were to review this claim, in which case the plain error standard would apply, we find no plain error.[17] Bransfield's contention is insufficient to rebut the presumption of constitutionality of the statute.[18] As written, Section 4756(a)(2) "give[s] a person of ordinary intelligence fair notice that his contemplated behavior is forbidden by the statute [and does not] encourage[] arbitrary or erratic enforcement."[19] As discussed above, the commonly accepted meaning of the term "use" would put a person of ordinary intelligence on notice that she cannot lawfully write drug prescriptions where her registration, and the registration number associated with it, have expired.
NOW, THEREFORE, IT IS ORDERED that the judgments of the Superior Court are AFFIRMED.
NOTES
[1] 21 U.S.C.A. § 822(a)(2) relevantly states: "Every person who dispenses, or who proposes to dispense, any controlled substance, shall obtain from the Attorney General a registration issued in accordance with the rules and regulations promulgated by him."
[2] 21 C.F.R. § 1301.13(d).
[3] 16 Del. C. § 4732(a) provides: "Any pharmacy, distributor, manufacturer, practitioner, researcher or under the classification of `Other Controlled Substance Registrants,' who has or proposes to engage in activities accordingly within this State must obtain biennially a registration issued by the Secretary in accordance with the Secretary's rules."
[4] 16 Del. C. § 4756(a)(2).
[5] 21 C.F.R. § 1306.05.
[6] Flonnory v. State, 893 A.2d 507, 537 (Del. 2006). A motion for judgment of acquittal should only be granted when there is insufficient evidence to sustain a guilty verdict. See Super. Ct. Crim. R. 29. See also Vouras v. State, 452 A.2d 1165, 1169 (Del. 1982).
[7] Snyder v. Andrews, 708 A.2d 237, 241 (Del. 1998).
[8] 16 Del. C. § 4756(a)(2) (emphasis added).
[9] Title 16, Chapter 47 of the Delaware Code, §§ 4701 et seq.
[10] See, e.g., 16 Del. C. §§ 4732(a), 4733(a) and (b), 4734(a). In particular, 16 Del. C. § 4734(a) contains language similar to § 4756(a)(2) by stating that a registration (not a registration number) "may be suspended or revoked . . . upon a finding that continued registration would be inconsistent with the public interest."
[11] 21 U.S.C.A. § 843(a)(2) (emphasis added).
[12] 21 C.F.R. § 1306.05.
[13] See, e.g., State v. Demby, 672 A.2d 59, 61 (Del. 1996); Ingram v. Thorpe, 747 A.2d 545, 547 (Del. 2000); See also 11 Del. C. § 203 (stating that "[t]he general rule that a penal statute is to be strictly construed does not apply to this Criminal Code, but the provisions herein must be construed according to the fair import of their terms to promote justice and effect the purposes of the law"); 1 Del. C. § 303 (stating that statutes, including criminal statutes, "shall be construed according to the common and approved usage of the English language.")
[14] See 11 Del. C. § 221(c) (providing that a word used, but not defined, in the Criminal Code "has its commonly accepted meaning"). Also faced with interpreting the term "use" in a criminal statute, the United States Supreme Court held that with "no statutory definition or definitive clue," the meaning must turn on the "everyday meaning" and "on the language as we normally speak it." Watson v. United States, 128 S.Ct. 579, 583 (2007) (citing Bailey v. United States, 516 U.S. 137, 145 (1995) and Smith v. United States, 508 A.2d 223, 228-29 (1993), also interpreting the word "use").
[15] Dahl v. State, 926 A.2d 1077, 1081 (Del. 2007); Steckel v. State, 882 A.2d 168, 170 (Del. 2005).
[16] Bransfield only argued that the word "use" should be given a restrictive meaning.
[17] Capano v. State, 781 A.2d 556, 653 (Del. 2001); Supr. Ct. R. 8.
[18] McDade v. State, 693 A.2d 1062, 1065 (Del. 1997).
[19] Wien v. State, 882 A.2d 183, 187 (Del. 2005) (citing State v. Baker, 720 A.2d 1139, 1147-48 (Del. 1998)).