Stephen A. HOOVER, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 408, 2007.

Supreme Court of Delaware.

Submitted: Aug. 20, 2008.
Decided: Oct. 6, 2008.

Bernard J. O'Donnell, Esquire, Office of the Public Defender, Wilmington, DE, for appellant.

Paul R. Wallace, Esquire, Department of Justice, Wilmington, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the Court en Banc.

HOLLAND, Justice:

This matter is before the Court as the result of the Superior Court's certification of two questions of law, pursuant to article IV, section 11(8) of the Delaware Constitution[1] and Delaware Supreme Court Rule 41. Recent decisions of the Superior Court interpreting section 4176A have con-

---

1. Del. Const. art. IV, § 11(8).

flicted on the statute's constitutionality.[2] The defendants in those cases, Cordrey and Adkins, argued that section 4176A violates due process under the United States Constitution because its language is impermissibly vague.[3]

Following the conflicting decisions in *Cordrey* and *Adkins*, the defendant-appellant, Stephen A. Hoover ("Hoover"), was charged by indictment in the Superior Court with Operation of a Motor Vehicle Causing Death ("OMVCD") under title 21, section 4176A of the Delaware Code. Upon the State's motion in Hoover's case, the Superior Court of the State of Delaware certified to this Court the following two questions:

(1) Do the general liability provisions of title 11, section 251(b) of the Delaware Code apply to title 21, section 4176A?

(2) Is title 21, section 4176A of the Delaware Code unconstitutionally vague?

We answer both questions in the negative. We conclude that (1) the general liability provisions of title 11, section 251(b) of the Delaware Code do not apply to section 4176A and (2) title 21, section 4176A of the Delaware Code is not unconstitutionally vague. This matter is remanded to the Superior Court for further proceedings.

### Facts

On February 12, 2007, at about 10:50 p.m., Hoover was driving his motor vehicle eastbound on Route 4 in Newark, approaching Route 72.[4] The light at the intersection of routes 4 and 72 was red in Hoover's direction. Hoover proceeded through the intersection, despite the red light, and struck the driver's side of a vehicle traveling northbound on Route 72. The light was green for Ryan O'Hara, the driver of the northbound vehicle, and he sustained injuries resulting in his death.

Hoover was charged by a two-count indictment in Superior Court with OMVCD and disregarding a red light. He pleaded not guilty to both offenses.

### Statutory Enactment

The relevant portion of section 4176A provides:

(a) A person is guilty of operation of a vehicle causing death when, in the course of driving or operating a motor vehicle or OHV in violation of any provision of this chapter other than § 4177 of this title, the person's driving or operation of the vehicle or OHV causes the death of another person.[5]

### Section 251(b) Does Not Apply

■ The first certified question presented to this Court is: "Do the general liabili-

---

**2.** *State v. Hoover*, ID No. 0705029301, Cr. A. Nos. IN07–06–1155–1156, at ¶ 3 (Del.Super. July 31, 2007) (Certification of Questions of Law). *See also State v. Cordrey*, 2007 WL 1874755 (Del.Super.) (holding that title 21, section 4176A is constitutional and that the general liability provisions of title 11, section 251(b) did not apply to section 4176A); *State v. Adkins*, 2007 WL 1861903 (Del.Super.) (holding that title 21, section 4176A is unconstitutionally vague and that the general liability provisions of title 11, section 251(b) do apply to section 4176A); *State v. Avila–Medina*, ID No. 0702017412 (Del.Super. July 6, 2007) (disregarding *Adkins* and following *Cordrey*).

**3.** *See, e.g., State v. Cordrey*, 2007 WL 1874755, at *1 (Del.Super.).

**4.** The undisputed facts are taken from *State v. Hoover*, ID No. 0705029301, Cr. A. Nos. IN07–06–1155–1156, at ¶ 2 (Del.Super. July 31, 2007) (Certification of Questions of Law).

**5.** Del.Code Ann. tit. 21, § 4176A(a) (2008). Section 4176A is an unclassified misdemeanor and the sentence for a first offense is fine up to $1,150 or up to thirty months imprisonment. *See* Del.Code Ann. tit. 21, § 4176A(b), (c) (2008).

ty provisions of 11 *Del. C.* § 251(b) apply to 21 *Del. C.* § 4176A?" The pertinent provisions of section 251 provide:

(b) When the state of mind sufficient to establish an element of an offense is not prescribed by law, that element is established if a person acts intentionally, knowingly or recklessly.

(c) It is unnecessary to prove the defendant's state of mind with regard to: (1) Offenses which constitute violations, unless a particular state of mind is included within the definition of the offenses; or (2) Offenses defined by statutes other than this Criminal Code, *insofar as a legislative purpose to impose strict liability for such offenses or with respect to any material element thereof plainly appears.*[6]

By its terms, section 251(c)(2) provides a catch-all for any offense[7] defined by a statute outside of Title 11, and requires a state of mind as defined in section 251(b), *unless* a legislative purpose to impose strict liability for section 4176A "plainly appears."

Section 4176A is found in the Motor Vehicle Code (Title 21) rather than the Criminal Code (Title 11). Title 21, section 4176A of the Delaware Code provides that "[a] person is guilty of operation of a vehicle causing death when, in the course of driving or operating a motor vehicle or OHV in violation of any provision of this chapter other than § 4177 of this title, the person's driving or operation of the vehicle or OHV causes the death of another person."[8] To determine whether the strictures of title 11, section 251(b) apply to title 21, section 4176A, this Court must determine whether "a legislative purpose to impose strict liability for such offense or with respect to any material element thereof plainly appears."[9]

▇▇▇ If the language of the statute is unambiguous, the plain meaning of the words controls.[10] Because the language of section 4176A is unambiguous, the words of that statute will be given their plain meaning. The plain meaning of section 4176A is that a conviction under that statute requires the State to prove beyond a reasonable doubt that: (1) the defendant operated a motor vehicle or OHV in violation of a provision of Chapter 41 of Title 21 (other than section 4177),[11] and establishing such violation requires the State to prove any mental state contained within *that* motor vehicle offense, and (2) the defendant's driving or operation of the vehicle caused the death of another person.[12] Thus, the plain language of section 4176A reflects the General Assembly's unambiguous intention not to *otherwise* provide a requisite mental state for committing this offense.

---

6.  Del.Code Ann. tit. 11, § 251(b), (c) (emphasis added).

7.  Section 4176A satisfies the definition of a "crime" or "offense" provided in title 11, section 233 of the Delaware Code.

8.  Del.Code Ann. tit. 21, § 4176A(a).

9.  Del.Code Ann. tit. 11, § 251(c)(2).

10.  *Ingram v. Thorpe,* 747 A.2d 545, 547 (Del. 2000) (citing *Spielberg v. State,* 558 A.2d 291 (1989)).

11.  Delaware's Motor Vehicle Code.

12.  The Superior Court has stated, and we agree, that the law recognizes that there may be an unavoidable accident for which no person is criminally responsible. Such an accident is one which could not have been avoided through the exercise of appropriate care. If the defendant exercised the care and skill which the law requires, the accident is unavoidable and the defendant is not guilty. *State v. Lamont,* I.D. No. 0501006047 (Del.Super.Aug. 3, 2005) (jury instructions).

Where a statute contains unambiguous language that clearly reflects the intent of the legislature, then the language of the statute controls.[13] Nevertheless, this Court may refer to parts of the legislative record to establish the purpose of legislation where the record reveals more information about the enactments.[14] The Senate Debates relating to the enactment of section 4176A indicate that the law's purpose was to address ordinary motor vehicle violations that result in the death of another person but do not constitute one of the vehicular offenses in the criminal code such as vehicular homicide, criminally negligent homicide and manslaughter.[15] Vehicular homicide in the second degree, a class F felony, requires a showing of "criminally negligent driving or operation of [a motor] vehicle."[16] Criminally negligent homicide, a class E felony, requires criminal negligence;[17] and manslaughter, a class B felony, requires recklessness.[18] In contrast, OMVCD is an unclassified misdemeanor in the motor vehicle code and simply requires an underlying violation of the motor vehicle code.[19]

The General Assembly's purpose in enacting section 4176A was to create an offense that required a less culpable state of mind than criminal negligence in those cases where a motor vehicle offense results in the death of another.[20] Section 4176A clearly evidences the General Assembly's intent to create an offense premised on a lower level of culpability than criminal negligence, which is required for convictions under Delaware's criminal homicide and manslaughter statutes. Accordingly, an application of section 251(b) would defeat the legislative purpose of establishing a lower level of culpability. Therefore, we conclude that the general liability provisions of section 251(b) of title 11 of the Delaware Code do not apply because a violation of section 4176A is an offense defined by a statute (the Motor Vehicle Code) other than the Criminal Code and the General Assembly's intent to impose strict liability for deaths proximately caused by a moving violation of the Motor Vehicle Code "plainly appears" in both the unambiguous language of the statute and its legislative history.

### Section 4176A Not Unconstitutionally Vague

The second question certified to this Court is whether title 21, section 4176A of the Delaware Code is unconstitutionally vague. "A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated behavior is forbidden" or "if it encourages arbitrary or erratic enforcement."[21] This Court applies a two-step analysis to determine whether a criminal statute is unconstitutionally vague. First, we consider whether the terms of the statute are sufficiently explicit to inform those subject to the statute of the prohibited

---

13. *Sandt v. Del. Solid Waste Auth.*, 640 A.2d 1030, 1032 (Del.1994) (citing *Spielberg v. State*, 558 A.2d 291, 293 (Del.1989)).

14. *Stiftel v. Malarkey*, 378 A.2d 133, 138 (Del. Ch.1977) (citing *Clendaniel v. Conrad*, 83 A. 1036 (1912)).

15. Senate Debate on H.B. No. 190 (enacted as 74 Del. Laws c. 99 (2003)).

16. Del.Code Ann. tit. 11, § 630(a)(1).

17. Del.Code Ann. tit. 11, § 631.

18. Del.Code Ann. tit. 11, § 632(1).

19. Del.Code Ann. tit. 21, § 4176A(a), (b).

20. Senate Debate on H.B. No. 190 (enacted as 74 Del. Laws c. 99 (2003)).

21. *State v. Baker*, 720 A.2d 1139, 1147 (Del. 1998) (citing *Sanders v. State*, 585 A.2d 117, 127 (Del.1990)).

conduct.[22] Second, we consider whether the terms of the statute are so vague that persons of common intelligence must guess at the statute's meaning and would differ as to its application.[23]

Enactments of the Delaware General Assembly are presumed to be constitutional.[24] This Court has "a duty to read statutory language so as to avoid constitutional questionability and patent absurdity and to give language its reasonable and suitable meaning."[25] Further, "[a]ll reasonable doubts as to the validity of a law must be resolved in favor of the constitutionality of the legislation."[26]

With regard to the first step of our analysis, Hoover argues that section 4176A is unconstitutionally vague because liability is premised on the commission of an underlying traffic violation and the statute does not specify the state of mind an actor must possess to be found guilty of the resulting harm, the death of another person. The absence of a state of mind requirement in section 4176A does not make the statute void for vagueness. The United States Supreme Court has held that legislatures may make the commission of an act a criminal offense even in the absence of criminal intent.[27] Delaware courts also have held that the question of intent with respect to statutory crimes is largely for the legislature to decide.[28]

A specific intent need not be made a part of the act.[29] Instead, "a violation of the statute may itself constitute the offense and furnish the intent."[30] A violation of section 4176A occurs where a person operating a motor vehicle commits a moving traffic violation under Delaware's motor vehicle code[31] and causes the death of another person as a result. A person might commit a moving traffic violation negligently and be found to have violated section 4176A if the death of another person results from that traffic violation.

Several state courts have recognized "the power of a legislature to define a crime based upon ordinary negligence."[32] For example, North Carolina's misdemeanor death by vehicle statute criminalizes "unintentionally caus[ing] the death of

22. *State v. Baker*, 720 A.2d at 1148.

23. *Id.* (explaining that the underlying premise of the rule is that no person shall be held criminally responsible for conduct that he could not reasonably understand to be prohibited) (citing *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989 (1954)).

24. *Snell v. Engineered Systems & Designs, Inc.*, 669 A.2d 13, 17 (Del.1995) (noting "the strong judicial tradition in Delaware in support of a presumption of the constitutionality of a legislative enactment") (quoting *Opinion of the Justices*, 425 A.2d 604, 605 (1981)).

25. *State v. Sailer*, 684 A.2d 1247, 1250 (Del.Super.1995) (quoting *Moore v. Wilmington Hous. Auth.*, 619 A.2d 1166, 1173 (Del. 1993) (en banc)).

26. *McDade v. State*, 693 A.2d 1062, 1065 (Del. 1997).

27. *United States v. Balint*, 258 U.S. 250, 251–52, 42 S.Ct. 301, 66 L.Ed. 604 (1922).

28. *State v. Tabasso Homes*, 28 A.2d 248, 254 (Del.Gen.Sess.1942).

29. *Id.*

30. *Id.*

31. Del.Code Ann. tit. 21, §§ 4101–4199 (Title 21 is entitled "Motor Vehicles" and chapter 41 is entitled "Rules of the Road").

32. *State v. Labonte*, 120 Vt. 465, 144 A.2d 792, 794 (1958) (citing *Neessen v. Armstrong*, 213 Iowa 378, 239 N.W. 56 (Iowa 1931); *State v. Hedges*, 8 Wash.2d 652, 113 P.2d 530 (1941); *People v. Pociask*, 14 Cal.2d 679, 96 P.2d 788 (1939); *Clemens v. State*, 176 Wis. 289, 185 N.W. 209 (1921); *Commonwealth v. Godshalk*, 76 Pa.Super. 500 (1921)).

another person" while "engaged in the violation of any State law or local ordinance applying to the operation or use of a vehicle or to the regulation of traffic ... [when the commission of that violation] is the proximate cause of the death."[33] In *State v. Smith*, the Court of Appeals of North Carolina held that a violation of the state's motor vehicle code constituted negligence *per se* and that a conviction under the death by vehicle statute could be based on a finding of ordinary negligence.[34]

A California court held that statutes pertaining to the regulation of public roadways fall within the police powers of the state.[35] Therefore, a statute that allowed an individual to be convicted of vehicular manslaughter based on ordinary negligence was constitutional because it was a public welfare statute and imposing criminal penalties for ordinary negligence did not violate due process.[36] The Superior Court of Connecticut determined that the state's negligent homicide by motor vehicle statute[37] was not unconstitutionally vague because statutes regulating operation of motor vehicles are clearly within the class of police power legislation the violation of which can support a conviction regardless of intent.[38]

In *Morissette v. United States*, the United States Supreme Court held that statutes that relate to the public safety and welfare and that provide for the punishment of a person who lacked intent to commit a crime do not violate due process.[39] This Court has held that motor vehicle statutes are enacted for the public safety.[40] Therefore, because section 4176A is part of the state's motor vehicle code, it falls within the class of statutes that relate to the public safety and welfare and need not require a specific state of mind.

Section 4176A also satisfies the second part of our analysis. The terms of the statute are not so vague that persons of common intelligence must guess at its meaning, nor would they differ as to the statute's application. A driver has notice of the conduct prohibited by section 4176A, that is, committing a moving traffic violation and causing death as a result. Similar statutes in other states have been determined to be sufficiently unambiguous.

The Oregon Supreme Court rejected the argument that, because the state's negligent homicide in the operation of a motor vehicle statute did not require a mens rea, "a motorist as he proceeds along the highway can never know when he is subjecting himself to criminal liability."[41] The Oregon court reasoned that the statute,[42] which criminalized causing death with a motor vehicle by ordinary negligence, "ob-

---

**33.** N.C. Gen.Stat. § 20–141.4(a)(2).

**34.** *State v. Smith*, 90 N.C.App. 161, 368 S.E.2d 33, 37 (1988) (noting that the language of the statute "could permit a conviction to be based upon the violation of a traffic ordinance that is not negligence *per se*" but declining to opine on "the constitutionality of the statute as applied" to a non-negligent offender).

**35.** *People v. Bussel*, 97 Cal.App.4th Supp. 1, 118 Cal.Rptr.2d 159, 165 (Super.Ct.2002).

**36.** *In re Dennis B.*, 18 Cal.3d 687, 135 Cal.Rptr. 82, 557 P.2d 514, 516, 520–21 (1976).

**37.** Conn. Gen.Stat. § 53a–58a (repealed 1981).

**38.** *State v. Russo*, 38 Conn.Supp. 426, 450 A.2d 857, 862 (1982).

**39.** *Morissette v. United States*, 342 U.S. 246, 256–60, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

**40.** *Wright v. Moore*, 931 A.2d 405, 2007 WL 1884615, at *3 (Del.Supr.).

**41.** *State v. Wojahn*, 204 Or. 84, 282 P.2d 675, 681 (1955).

**42.** Or.Rev.Stat. § 163.090 (repealed 1957).

viously, was prompted by a conviction that society can reasonably expect [motorists to] exercise due care and since that demand does not require much exertion upon the part of motorists, those who fail to meet the demand can reasonably be held to account."[43] A driver must obtain a driver's license before he is permitted to drive a motor vehicle and to obtain a license he must learn the issuing state's traffic laws and pass an examination on those laws. "Thus, if a licensed motorist violates a traffic law and thereby brings someone to his death, the rule that ignorance of the law is no excuse has a just foundation in the plenary demands of the licensing statute."[44]

The Pennsylvania Supreme Court held that Pennsylvania's statute[45] was clearly defined and did not use ambiguous language, archaic classifications or words with numerous and varied meanings.[46] The Court defined the law, written with "unmistakable clarity," as a death caused by any person's conduct in violating a vehicle or traffic rule.[47] The District of Columbia Court of Appeals held that the language of the District's negligent homicide statute, criminalizing causing the death of another while operating a vehicle in a "careless, reckless, or negligent manner, but not willfully or wantonly,"[48] was "sufficient to bring the statute within the requirements of constitutionality" because all of the words and phrases used are well known in common speech and in legal terminology.[49] Michigan's negligent homicide statute, prohibiting "cause[ing] the death of another" "by the operation of any vehicle upon any highway or upon any other property, public or private, at an immoderate rate of speed or in a careless, reckless or negligent manner, but not willfully or wantonly,"[50] was also determined constitutional. The Michigan Court of Appeals held that the term "negligence" in the statute was not void for vagueness.[51]

Section 4176A has equal clarity to the statutes upheld in other jurisdictions. To support a conviction under section 4176A, the State must prove (1) a violation of the motor vehicle code occurred and (2) the violation caused the death of another person. A person of common intelligence can anticipate the kinds of conduct that would violate section 4176A. Hoover's underlying traffic violation was running a red light.[52] The motor vehicle code requires drivers to stop at all red lights. Section 4176A prohibits killing another person be-

---

43. *State v. Wojahn*, 282 P.2d at 701.

44. *Id.*

45. "Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a motor vehicle or to the regulation of traffic is guilty of homicide be vehicle, a misdemeanor of the first degree, when the violation is the cause of death." 75 Pa. Cons.Stat. § 3732 (amended 2000).

46. *Commonwealth v. Burt*, 490 Pa. 173, 415 A.2d 89, 92 (1980).

47. *Id.*

48. D.C.Code § 6–246(a) (current version at D.C.Code § 50–2203.01 (2008)).

49. *United States v. Henderson*, 121 F.2d 75, 77–78 (D.C.Cir.1941) (holding that the District of Columbia's negligent homicide statute was not unconstitutionally vague). *See also Butts v. United States*, 822 A.2d 407 (D.C. 2003) (holding that ordinary negligence was the applicable degree of negligence for the District of Columbia's analogous statute to Delaware's section 4176A).

50. Mich. Comp. Laws § 750.324.

51. *People v. McKee*, 15 Mich.App. 382, 166 N.W.2d 688, 689 (1969).

52. Del.Code Ann. tit. 21, § 4107(a).

cause of one's failure to stop for a red light.

Section 4176A is not unconstitutionally vague because its terms are sufficiently explicit to give a person of common intelligence notice of the proscribed conduct. Although the General Assembly might have chosen different language equally capable of achieving the end it sought,[53] the statute as written is unambiguous and not unconstitutionally vague. Therefore, we conclude that title 21, section 4176A does not violate the vagueness prohibition of the United States Constitution.

### Penalty Question Remains

In *Morissette*, the United States Supreme Court reasoned that most public safety crimes call for relatively minor penalties and a conviction does not significantly damage an offender's reputation.[54] Section 4176A imposes a maximum fine of $1,150 and a maximum prison sentence of two and a half years. There is no minimum mandatory imprisonment sentence.

In eleven other states with analogous statutes, the maximum term of imprisonment ranges from six months to five years. The maximum prison sentence in seven states is one year or less.[55] Two states have maximum sentences of two years.[56] One state other than Delaware has a maximum sentence of two and a half years.[57] The District of Columbia, where negligent homicide is a felony, has a maximum sentence of five years.[58]

In *Cordrey*, the Superior Court held that the penalties for a violation of section 4176A are reasonable under *Morissette*. That question was not certified to this Court in Hoover's case. Our jurisdiction in this certification proceeding is limited solely to answering the two questions presented. We offer no opinion on whether a sentence of thirty months in prison is a "relatively small" penalty that would not violate the due process rights of a person who lacked intent to commit a crime, under *Morissette*.[59]

### Conclusion

We answer both questions in the negative. We conclude that (1) the general liability provisions of title 11, section 251(b) of the Delaware Code do not apply to section 4176A and (2) title 21, section 4176A of the Delaware Code is not unconstitutionally vague. This matter is remanded for further proceedings in the Superior Court.

53. *United States v. Powell*, 423 U.S. 87, 94, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975).

54. *Morissette v. United States*, 342 U.S. at 256, 72 S.Ct. 240. *See also* Francis B. Sayre, *Public Welfare Offenses*, 33 Columbia L.Rev. 55 (1933).

55. Those states are: California, Cal.Penal Code § 192(c)(2); Colorado, Colo.Rev.Stat. § 42–4–1402(a), (b); Connecticut, Conn. Gen. Stat. 14–222(a); Georgia, Ga.Code Ann., § 40–6–393(c); Hawaii, Haw.Rev.Stat. § 707–704; Idaho, Idaho Code. Ann. § 18–4006(3)(c); Kansas, Kan. Stat. Ann. § 21–3405.

56. Michigan, Mich. Comp. Laws § 750.324, and North Carolina, N.C. Gen.Stat. 20–141.4(a)(2).

57. Massachusetts, Mass. Gen. Laws ch. 90, § 24G(b).

58. D.C.Code § 50–2203.01.

59. *Morissette v. United States*, 342 U.S. at 256, 72 S.Ct. 240.