IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYSHAUN REMBERT, | § | |
| | § | No. 436, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2302008359B (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: May 21, 2025
Decided: July 1, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

The Court, having considered the briefs and record on appeal, and after oral argument, rules as follows:

(1) In 2024, Tyshaun Rembert pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP"). Rembert had two prior felony drug dealing convictions from separate incidents. The Superior Court found that his prior convictions qualified as "violent felonies" under the Delaware Criminal Code. Under the Criminal Code's enhanced sentencing requirements, his two prior violent felony convictions, combined with his recent PFBPP conviction, required a ten-year mandatory minimum sentence.

(2)    On appeal, Rembert argues that a 2019 amendment to the drug dealing statute meant that his two prior drug dealing convictions were excluded from the definition of violent felony.  Therefore, he contends that he should not have been subject to a ten-year mandatory minimum sentence.  We disagree and affirm his conviction and sentence.

(3)    On February 16, 2023, the police arrested Rembert and charged him with several offenses, including PFBPP.[1]  He resolved all charges by pleading guilty to PFBPP, a Class D felony.[2]  Rembert also had been convicted of felony drug dealing in 2014 and again in 2017.[3]  If these two separate felony convictions were "violent felonies" as defined by the Criminal Code, Rembert's PFBPP offense became a Class C felony, which required a mandatory minimum sentence of ten years' incarceration.[4]

---

[1] App. to Appellant's Opening Br. at A4–7 [hereinafter A__] (charging Rembert as a person prohibited under 11 *Del. C.* § 1448(a)(1) based on two prior convictions of drug dealing in 2014 and 2017).

[2] A13 at 6:8–17 (Tr. of Guilty Plea, March 26, 2024); Ex. B to Appellant's Opening Br. at 1 (Sentence Order, Sept. 13, 2024).

[3] A66–72 (2014); A51–59 (2017).

[4] 11 *Del. C.* § 1448(c), (e)(1) (2025).  The Criminal Code defines a "violent felony" as "any felony so designated by § 4201(c) of this title . . . ."  *Id.* at § 1448(e)(3).

(4)     At the time of Rembert's 2014 and 2017 felony drug convictions, the Criminal Code designated drug dealing as a "violent felony."[5]   When Rembert committed PFBPP in 2023, the drug dealing offense under which he was previously convicted continued to be designated a violent felony.[6]   Thus, Rembert's 2014 and 2017 drug dealing convictions qualified as violent felonies and, coupled with his 2024 PFBPP conviction, subjected him to a mandatory minimum ten-year sentence.

(5)     On appeal, Rembert argues that a 2019 change to the drug-dealing statute excluded his two prior drug dealing convictions from the list of violent felonies existing at the time he committed PFBPP.  "Whether a prior conviction constitutes a predicate violent felony . . . is a question of law, which this Court reviews *de novo*."[7]   We also "review statutory construction issues *de novo* to determine if the Superior Court erred as a matter of law in formulating or applying legal precepts."[8]

---

[5] *See* 11 *Del. C.* § 4201(c) (2012) (current version at 11 *Del. C.* § 4201(c) (2023)) (effective June 1, 2012 to June 29, 2014) (defining "4754 Drug Dealing--Aggravated Possession; Class D Felony" as a violent felony); 11 *Del. C.* § 4201(c) (2015) (current version at 11 *Del. C.* § 4201(c) (2023)) (effective Sept. 3, 2015, to July 30, 2023) (defining "4754(1)  Drug Dealing--Aggravated Possession; Class D Felony" as a violent felony).

[6] 11 *Del. C.* § 4201(c) (2023) (defining "[Former] 4754(1) Drug Dealing--Aggravated Possession; Class D Felony" as a violent felony).

[7] *Butcher v. State*, 171 A.3d 537, 539 (Del. 2017).

[8] *Id.* (quoting *Snyder v. Andrews*, 708 A.2d 237, 241 (Del. 1998)).

3

(6) Rembert's argument on appeal proceeds as follows: (a) a ten-year mandatory minimum sentence is required for a PFBPP conviction if a person has been previously convicted of two or more separate violent felonies; (b) under *Butcher v. State*, the prior felony convictions must be for the specific crimes listed as violent felonies at the time of the PFBPP violation;[9] (c) in 2014 and 2017, Rembert pled guilty to drug dealing under a numbered subsection of the drug dealing statute; (d) at the time of his 2023 PFBPP violation, only lettered subsections, not numbered subsections, existed in the drug dealing statute; (e) in 2023, at the time of his PFBPP violation, Rembert's separate drug dealing offenses under a numbered subsection of the drug dealing statute did not exist; and therefore (f) Rembert's prior convictions do not qualify as violent felonies.

(7) We agree with Rembert that "convictions that are properly used as predicates for an enhanced sentence must . . . be for the specific crimes *currently* listed in" the code section listing violent felonies, meaning at the time of offense.[10] In *Butcher*, because the prior offense used to enhance the sentence "was no longer a designated violent felony when [the defendant] committed Person Prohibited," we

---

[9] *See id.* at 544.

[10] *Butcher*, 171 A.3d at 541 (emphasis added) (quoting *Sommers v. State*, 11 A.3d 228, 2010 WL 5342953, at *2 (Del. 2010) (TABLE)); *see also id.* at 543 ("Based upon the unambiguous language of Sections 1448(e) and 4201(c), we conclude that the definition of 'violent felony' as that term is used in Section 1448(e) is controlled by the version of Section 4201(c) in effect at the time [the defendant] committed Person Prohibited.").

held that "the Superior Court erred in holding that [the defendant's] [previous] conviction constituted a predicate violent felony for the purpose of enhanced sentencing."[11]

(8)     It is of no moment here, however, that the drug dealing statute was amended in 2019 to change the subsection designations.[12]  The fact remains that, at the time Rembert committed PFBPP on February 16, 2023, the statute defining violent felonies still referred to Section 4754(1) – the same subsection for Rembert's 2014 and 2017 convictions.[13]   Thus, Rembert's 2014 and 2017 drug dealing

---

[11] *Id.* at 544.

[12] Section 4754(1) of the drug dealing statute was redesignated as Section 4754(a)-(b) on December 15, 2019. *Compare* 16 *Del. C.* § 4754(1) (2011) (current version at 16 *Del. C.* § 4754 (2019)) (effective September 1, 2011, to December 14, 2019) *with* 16 *Del. C.* § 4754(a)-(b) (2019). But the list of violent felony offenses under Section 4201(c) was not updated to reflect this change until September 21, 2023 – after Rembert committed PFBPP. *Compare* 11 *Del. C.* § 4201(c) (2015) (current version at 11 *Del. C.* § 4201(c) (2023)) (effective Sept. 3, 2015, to July 30, 2023) *with* 11 *Del. C.* § 4201(c) (2023).  Between December 15, 2019, and September 21, 2023, Section 4201(c) continued to refer to the now non-existent Section 4754(1).  *See* 11 *Del. C.* § 4201(c) (2015).  On September 21, 2023, the legislature added "[Former]" before "Section 4754(1)" under Section 4201(c).  *See* 11 *Del. C.* § 4201(c) (2023).  Section 4201(c) did not list Section 4754(a) as a violent felony.

[13] The legislative history of the statute addressing persons prohibited (Section 1448) supports our plain reading of the statute.  "Notwithstanding a determination that statutory language is clear on its face, courts may look to legislative history to reinforce the conclusion that a statute is, indeed, unambiguous."  2A Norman Singer & Shambie Singer, *Sutherland Statutes and Statutory Construction* § 46:4 (updated 7th ed. 2024) ("Clear and unambiguous" statutes); *see also Hoover v. State*, 958 A.2d 816, 820 (Del. 2008).  The synopsis to the 1994 bill amending Section 1448 explained that the General Assembly's intent was to "help protect society from armed crime committed by drug dealers and previously-convicted violent felons by increasing the punishment for their illegal possession of a firearm . . . . By making it a certainty that they will be incarcerated if found to be in possession of a gun, the amendment seeks to deter violent criminals and drug dealers from carrying or possessing firearms."  Del. H.B. 524 syn., 137th Gen. Assem. (1994).  Further, the update to Section 4201 defining violent felonies includes former Section 4754(1) and

convictions under Section 4754(1) were defined as violent felonies when he committed PFBPP. Rembert's prior convictions were predicate violent felonies for enhanced sentencing. The Superior Court correctly imposed the minimum mandatory sentence.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

does not include Section 4754(a). *See* 11 *Del. C.* § 4201(c) (2023). And "when provisions are expressly included in one statute but omitted from another, we must conclude that the General Assembly intended to make those omissions." *Leatherbury v. Greenspun*, 939 A.2d 1284, 1291 (Del. 2007).